STATE OF TENNESSEE ex rel. SAM INGRAM,
Plaintiff in Error,

*v.*

C. MURRAY HENDERSON, Warden, Tennessee State
Penitentiary, Defendant in Error.

423 S.W.2d 479.

(*Jackson*, April Term, 1967.)

Opinion filed January 5, 1968.

CHARLES J. CASSELL, Memphis, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an appeal in error from a denial of a petition for writ of habeas corpus by the Criminal Court of Shelby County, Tennessee. The parties will be referred to as they appeared in the lower court; that is, plaintiff in error Sam Ingram as petitioner, and defendant in error as the State.

On March 28, 1966, the petitioner was convicted, on a plea of guilty, in the Criminal Court of Shelby County, of unlawful carnal knowledge of a female under twelve years of age, and assault and battery with intent to rape.

He was sentenced to twenty-five years in the State Penitentiary.

On January 29, 1967, the petitioner filed this application for a writ of habeas corpus. An evidentiary hearing was held in the Criminal Court of Shelby County, on February 23, 1967. The petition was dismissed and an appeal perfected to this Court.

The assignments of error on this appeal are directed toward the manner in which the petitioner was sentenced upon the entry of his guilty plea. It is contended that, following his plea of guilty, no evidence was introduced before the jury hearing the case to assist them in fixing the punishment. Petitioner relies on the language of T.C.A. sec. 40-2310, which provides:

"Upon the plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the time of confinement, unless otherwise expressly provided by this Code."

It is pertinent to first observe that the failure to comply with a statute governing trial proceedings is not per se a violation of any constitutional right. Clearly, no Federal constitutional right is presented in this case. There is no requirement in the Federal system or that of numerous States similar to that prescribed by Tennessee statute. If there was error in this regard, such was not an abridgement of the petitioner's constitutional rights, nor was it of a nature which would void the judgment of the lower court for any other reason.

It has long been the established law of Tennessee that the writ of habeas corpus constitutes a collateral attack upon a prior judgment; and its remedial ambit is thus restricted to such judgments as are void.

■ The petition for writ of habeas corpus may not be used to review or correct all errors of law or fact committed by a trial court in the exercise of its jurisdiction. The writ cannot be used to serve as a substitute for appeal or for writ of error. *State ex rel. George v. Bomar* (1965) 216 Tenn. 82, 390 S.W.2d 232; *State ex rel. Kuntz v. Bomar* (1964) 214 Tenn. 500, 381 S.W.2d 290; *State ex rel. Holbrook v. Bomar* (1963) 211 Tenn. 243, 364 S.W.2d 887. The writ of habeas corpus is not available to review the alleged error now raised.

■ All of the assignments of error, and even suggestions of error, have been considered and deemed without merit. The Judgment of the trial court is affirmed. The costs of this appeal are assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.