# FREDDIE LEE McFERREN, Petitioner, v. STATE OF TENNESSEE and J. W. NORVELL, Warden, Respondent.

Court of Criminal Appeals of Tennessee. Nov. 26, 1969.

Certiorari Denied by Supreme Court Jan. 19, 1970.

Hugh W. Stanton, Sr., Hugh W. Stanton, Jr., A. V. McDowell, Asst. Public Defenders, Memphis, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

HYDER, Judge.

From the dismissal of his petition for post-conviction relief without an evidentiary hearing, the petitioner below, Freddie Lee McFerren, appeals to this Court.

His petition shows that on May 23, 1968, he entered a plea of guilty to burglary in the third degree and was sentenced to three years in the penitentiary. His peti-

tion further shows that he was represented in the criminal proceeding by counsel employed by petitioner, then defendant.

The trial judge appointed the Public Defender to represent the petitioner in this proceeding. The Office of the District Attorney General filed a motion to strike the petition, and the trial court sustained the motion and dismissed the petition without a hearing.

Petitioner's assignments of error are the same as his grounds for relief as stated in his original petition.

Petitioner complains that there was no evidence to support the verdict and there was no hearing on the merits during his criminal trial, relying on the language of T.C.A. §§ 40-2310 and 40-2405.

The Supreme Court of this State has recognized the general rule that a plea of guilty, while not evidence, does dispense with evidence. An accused, after pleading guilty, cannot ordinarily raise the issue of the sufficiency of the evidence. State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497; State ex rel. Ingram v. Henderson, 220 Tenn. 676, 423 S.W. 2d 479.

Petitioner contends that he entered a plea of guilty while under an emotional strain, that he did not understand the nature of his plea, and that his plea of guilty was forced by the illegal process of his employed lawyer.

The standard applied by the overwhelming majority of federal courts and adopted by our Supreme Court in considering the question of incompetency of counsel is stated as follows:

"Incompetency of counsel such as to be a denial of due process and effective representation by counsel must be such as to make the trial a farce, sham or mockery of justice."

Our Supreme Court has applied this rule in criminal cases where a plea of guilty has been entered upon the advice or urging of defense counsel. In cases where this exercise of judgment by counsel has been attacked, it has uniformly been held that this is not a ground for invalidating the judgment. State ex rel. Richmond v. Henderson, Tenn., 439 S.W.2d 263; Davis v. Bomar, 344 F.2d 84 (6th Cir.), cert. den. 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124.

The United States Circuit Court of Appeals, in Davis v. Bomar, ibid., at page 87, said:

"When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them."

In his petition there does appear to be an effort made to connect the trial judge with his complaint that he did not understand his plea of guilty; but there are

not sufficient allegations to indicate that the trial judge was responsible for his plea. He does allege that he knew that he was charged with burglary in the first degree and that he knew the punishment for that crime to be five to fifteen years in the penitentiary, and that his plea of guilty was to a lesser offense, or a lesser grade of offense. These allegations in the petition do not merit an evidentiary hearing.

He complains that women were systematically excluded from the jury.

■■ Petitioner's constitutional rights were not violated by the failure to include women on the jury which heard his plea of guilty. The systematic exclusion of women from trial juries would not invade his constitutional rights on a guilty plea. That plea waived any alleged irregularities in the formation and composition of the trial jury.

■ He alleges that his confession, held or used against him as evidence, was illegally and unconstitutionally obtained and void, and that it should have been excluded.

The United States Circuit Court of Appeals for the Sixth Circuit has held consistently that this allegation, if true, was waived by petitioner's plea of guilty. That Court said:

"Conviction and sentence following a plea of guilty are based entirely upon the plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities." Reed v. Henderson, 385 F.2d 995 (1967);

"The plea of guilty constituted a waiver of the alleged prior violation of appellant's constitutional rights." Gray v. Johnson, 354 F.2d 986 (1965).

 Petitioner insists that he was denied his right to file a motion for a new trial and an appeal.

The Supreme Court of this State has answered this claim by the petitioner in McInturff v. State, 207 Tenn. 102, 106, 338 S.W.2d 561, 563, by saying:

"Now, we think it is axiomatic that the defendant having confessed judgment for the fine and costs, had no right of appeal, nor did the court have the power to grant such an appeal, because no one can appeal either in a criminal or a civil case from a verdict on a plea of guilty or a judgment based upon confession of liability."

In our opinion, this petition does not allege sufficient facts to require an evidentiary hearing. Since the petition did not raise factual issues for post-conviction relief, the trial judge was correct in dismissing it.

The judgment of the trial court is affirmed.

RUSSELL and MITCHELL, JJ., concur.