SAM E. INGRAM, Appellant, v. STATE OF TENNESSEE, Appellee.

## 462 S.W.2d 259.

Court of Criminal Appeals of Tennessee.   Oct. 16, 1970.

Certiorari Denied by Supreme Court Jan. 4, 1971.

Hugh W. Stanton, Jr., Charles C. Burch, Asst. Public Defenders, Memphis, for appellant.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty.

Gen., Nashville, James Gordon Hall, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

RUSSELL, Judge.

This is the appeal of Sam E. Ingram from the dismissal without an evidentiary hearing of his petition for post-conviction relief.

The petition sub judice does not mention the fact that a prior habeas corpus petition had been filed by Ingram, was the subject of an evidentiary hearing, and its dismissal was appealed to and affirmed by our Supreme Court in an opinion filed January 5, 1968. Said Supreme Court opinion is published as State ex rel. Ingram v. Henderson, 220 Tenn. 676, 423 S.W.2d 479.

Of course, T.C.A. § 40-3804(8) provides that such a petition as this shall briefly and clearly state any appeals and all other applications for relief previously filed, including the date denied, the court, the grounds asserted and the result. The brief of neither party to this appeal touches upon the grounds litigated upon the first petition. The appellant's brief does call our attention to the presence in the technical record of a judgment and procedendo of the Supreme Court indicating an affirmance of the trial court upon the appeal from the hearing upon the first petition. We also find that the Motion to Strike the instant petition in the trial court alleges that the allegation of insufficient convicting evidence was a repetition of a ground of the original petition.

The Supreme Court's opinion itself, on the subject of the grounds upon which relief was sought, says:

"The assignments of error on this appeal are directed toward the manner in which the petitioner was sentenced upon the entry of his guilty plea. It is contended that, following his plea of guilty, no evidence was introduced before the jury hearing the case to assist them in fixing the punishment * * *"

        *    *    *    *    *    *

"All of the assignments of error, and even suggestions of error, have been considered and deemed without merit * * *"

In order to determine exactly what questions were heretofore raised and hence previously litigated, in the sense of T.C.A. §§ 40-3811, 40-3812, we have obtained and carefully studied the transcript which the Supreme Court had before it upon the first appeal. We may, of course, take judicial notice of such prior proceedings. State ex rel. Wilkerson v. Bomar, 213 Tenn. 499, 376 S.W.2d 451; State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667.

Said original petition alleged that his guilty-plea conviction, while represented by employed counsel, was null and void because:

(1) The pertinent statutes were invalid, unconstitutional and ex post facto because the enacting Legislatures were malapportioned;

(2) The defendant was illegally arrested;

(3) The defendant was interrogated without the presence of a lawyer; and without being advised of his rights to a lawyer and to remain silent;

(4) The defendant was not given a preliminary hearing in General Sessions Court; nor advised "as to his rights to be given a preliminary hearing";

(5) The defendant was not furnished a copy of the Grand Jury panel;

(6) The defendant was not furnished a copy of the petit jury list;

(7) There was no competent evidence to support the verdict of guilty, since no witnesses were introduced;

(8) The defendant was not confronted by his accuser, who did not testify;

(9) The evidence preponderated against the verdict of guilty;

(10) There was no corpus delicti;

(11) The punishment was excessive, cruel and unusual; and

(12) The defendant was denied and deprived of his rights to file a Motion for a New Trial, and to appeal; by the failure of employed counsel to advise him of such rights and to take the necessary steps, and that he would have done so had he known to.

We observe that upon his evidentiary hearing upon this first petition the testimony of the petitioner, his employed lawyer and an officer was fully presented and the issues of fact and law all decided adversely to Ingram.

In the petition sub judice, Ingram first says that he was sentenced "despite his plea of not guilty." This is patently false.

He again complains of his arrest, his interrogation, lack of assistance of counsel, absence of confrontation, unconstitutional and ex post facto statutes, evidence that was "null and void" and insufficient, and coerced admissions. A reading of the record of his first hearing conclusively shows that every allegation made in the petition sub judice was there litigated. The judgment of the trial court in dismissing this petition is affirmed.

WALKER, P. J., concurs.