Gary William Dailey, Petitioner,

*v.*

State of Tennessee, Respondent.

470 S.W.2d 608

(*Knoxville,* September Term, 1971.)

Opinion filed September 7, 1971.

Edward C. Freeman, Knoxville, for petitioner.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, Heiskell H. Winstead, District Attorney General, Rogersville, for respondent.

Mr. Chief Justice Dyer delivered the opinion of the Court.

This case presents the issue of whether Chapter 475, Section 1, Public Acts of 1970, amending T.C.A. sec. 27-111, operates retrospectively. This statute which became effective February 20, 1970, reads as follows:

> Notwithstanding the foregoing time limitations, in criminal cases the Court of Criminal Appeals or the Supreme Court, upon application of the defendant or the state and for good cause shown, shall be empowered at any time to order the filing of the bill of exceptions or any portion thereof in the appropriate appellate court, so as to give the appellate court jurisdiction to consider the same. Upon the receipt of such an order from the appellate court, the trial judge shall see to it that the bill of exceptions or the relevant portion thereof is signed, filed in the trial court and promptly forwarded to the appropriate appellate court for filing therein.

Petitioner, while represented by retained counsel, was convicted of malicious shooting. The motion for a new

trial was overruled on April 22, 1969, and ninety days allowed to prepare and file the bill of exceptions. On July 14, 1969, after a hearing, the trial court found petitioner to be indigent and in accord with such finding appointed counsel to represent petitioner on appeal and directed the bill of exceptions to be prepared at the expense of the State. The bill of exceptions was prepared and promptly authenticated and filed on July 22, 1969, one day past the ninety days allowed for such filing. The Court of Criminal Appeals held the bill of exceptions having been filed late could not be considered, and examining only the technical record affirmed the judgment.

On the issue of a statute operating retrospectively, this Court in *Collins v. East Tenn., Va. & Ga. Railroad Co.,* 56 Tenn. 841 (1872), said:

It is a general rule, that a Statute is to operate prospectively, unless upon its face it imports a retrospective operation; but it is not every retrospective law that is objectionable in a Constitutional sense. It is said that a vested right of action is property, just as tangible things are, and is protected from any arbitrary interference by the Legislature; but this doctrine is referable to such rights of action as spring from contracts or from the Common Law. * * * But the right to a particular remedy, says the same authority, is not a vested right. * * * The State has complete control over the remedies of its citizens in the Courts. It may give a new and additional remedy for a right already in existence—or may abolish old and substitute new remedies. * * * It may modify an existing remedy—or remove an impediment in the way of judicial proceedings. Thus it is said by this Court, that retrospective laws may be made when they do not impair the obli-

gation of contracts, or divest or impair vested rights: —such as, laws providing new and additional remedies for a just right already in being, laws modifying or changing remedies, and all other strictly remedial laws; and there are many other laws that are retrospective according to the letter, yet not prohibited by the Bill of Rights. *Wynne v. Wynne,* 2 Swan, 405, 410. The doctrine has no reference to laws which merely add cumulative remedies to a right already in existence. (citing cases). 56 Tenn. at 847-848.

In *Dowlen v. Fitch,* 196 Tenn. 206, 264 S.W.2d 824, 266 S.W.2d 357 (1954), the Court on this issue cited with approval the language from 50 Am.Jur., sec. 482, as follows:

"* * * remedial statutes, or statutes relating to remedies or modes of procedures, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. To the contrary statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending. A fortiori, a statute or amendment which furnishes a new remedy, but does not impair or affect any contractural obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto. Sometimes, the rule is stated in the form

that, when a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions." 196 Tenn. at 211-212, 264 S.W.2d at 826.

In *Brandon v. Warmath*, 198 Tenn. 38, 277 S.W.2d 408 (1955), this Court held a statute remedial in nature applied to an action pending at the time the statute was enacted.

Under T.C.A. sec. 27-111, prior to this 1970 amendment, this Court had consistently held a bill of exceptions not filed within the time limitations set out in the statute was, in effect, a nullity and could not be considered on appeal. This 1970 amendment, applicable only to criminal cases, simply empowers the appellate courts to order the filing of a bill of exceptions without regard to time limitations. As stated in *Collins v. East Tenn., Va. & Ga. Railroad Co.*, supra, the effect of such amendment is to "remove an impediment in the way of judicial proceedings." In the case at bar an impediment is the right of full appellate review. The statute in no way creates any new rights nor does it take away any vested rights.

The factual situation existing prior to and at the time of the enactment of this 1970 amendment is indicative of the legislative intent that this amending statute operate as remedial legislation.

The United States Supreme Court, in opinions released prior to this 1970 amendment to T.C.A. sec. 27-111, held that any time a defendant was denied full appellate review due to "state action" such was error requiring a new trial. The failure to timely file bills of exceptions in cases involving indigent defendants, denying such defendants a full appellate review, was deemed to be the

result of "state action." This generally resulted in the indigent defendant so denied his full appellate review filing a post-conviction proceeding to have the judgment against him declared void and being successful the State was required to again put him to trial. This resulted in three separate proceedings when, in most cases, one should have been sufficient, which not only put the State to extra expense, but further clogged the already clogged appellate and trial court dockets. These were substantially the facts when the Legislature enacted this 1970 amendment, and it is obvious such was intended to remedy this situation.

A remedial statute should be liberally construed in furtherance of its purpose. *Bryant v. Mulder,* 163 Tenn. 600, 45 S.W.2d 48 (1932).

We hold this 1970 amendment to T.C.A. sec. 27-111 is remedial legislation operating retrospectively. The statute empowers the appellate courts, exercising their discretion, to order the filing of a late bill of exceptions for good cause shown on motion of the defendant or the State, and in the interest of justice by the court on its own motion.

In the case at bar we order the bill of exceptions filed to give the appellate court jurisdiction. The case was not considered by the Court of Criminal Appeals on its merits and for this purpose the cause is remanded to the Court of Criminal Appeals.

CREASON and McCANLESS, JUSTICES, and McAMIS and JENKINS, SPECIAL JUSTICES, concur.