Gabble (Gabriel) MITCHELL,
Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

April 2, 1974.

Certiorari Denied by Supreme Court
Aug. 19, 1974.

Max E. Stults, Hendersonville, Clifford E. Maness, Gallatin, David S. Field, Nashville (on appeal), for plaintiff in error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, F. Dulin Kelly, Asst. Dist. Atty. Gen., Hendersonville, for defendant in error.

## OPINION

O'BRIEN, Judge.

In this case, petitioner appeals from dismissal of a post-conviction petition after an evidentiary hearing. The post-conviction petition was dismissed on June 14th, 1973. The trial court allowed the statutory period within which to appeal the case. T.C.A. Sec. 27–111 requires that the bill of exceptions be filed within thirty (30) days from the entry of the order or action of the court which occasioned the filing of said bill of exceptions, unless within the aforesaid thirty (30) day period, the trial judge extends the time for filing said bill of exceptions, which may be extended for a total of ninety (90) days from the date of final judgment. The 1970 amendment to said such statute empowers this court to order the filing of the bill of exceptions notwithstanding the foregoing time limitations, so as to give the appellate court jurisdiction to consider the same. The bill of exceptions was not signed and filed until July 31st, 1973, which was 17 days late. No cause is set forth in the record for the dilatory filing of the bill of exceptions.

We think this case clearly falls within the reasoning and ruling of our Supreme Court in Dailey v. State, 225 Tenn. 472, 470 S.W.2d 608, in which it was said:

"Under T.C.A. Sec. 27–111, prior to this 1970 amendment, this Court had consistently held a bill of exceptions not filed within the time limitations set out in the statute was, in effect, a nullity and could not be considered on appeal. This 1970 amendment, applicable only to criminal cases, simply empowers the appellate courts to order the filing of a bill of exceptions without regard to time limitations. As stated in Collins v. East Tenn., Va. & Ga. Railroad Co., supra [56 Tenn. 841] the effect of such amendment is to 'remove an impediment in the way of judicial proceedings.' In the case at bar an impediment is the right of full appellate review. The statute in no way creates any new rights nor does it take away any vested rights."

"The United States Supreme Court, in opinions released prior to this 1970 amendment to T.C.A. § 27–111, held that at any time a defendant was denied full appellate review due to 'state action' such was error requiring a new trial. The failure to timely file bills of exceptions in cases involving indigent defendants, denying such defendants a full appellate review, was deemed to be the result of 'state action.' This generally resulted in the indigent defendant so denied his full appellate review filing a postconviction proceeding to have the judgment against him declared void and being successful the State was required to again put him to trial. This resulted in three separate proceedings when, in most cases, one should have been sufficient, which not only put the State to ex-

tra expense, but further clogged the already clogged appellate and trial court dockets. These were substantially the facts when the Legislature enacted this 1970 amendment, and it is obvious such was intended to remedy this situation."

"We hold this 1970 amendment to T.C.A. § 27–111 is remedial legislation operating retrospectively. The statute empowers the appellate courts, exercising their discretion, to order the filing of a late bill of exceptions for good cause shown on motion of the defendant or the State. and in the interest of justice by the court on its own motion."

 The orderly administration of justice, and the duty of this court on appellate review mandates we avoid burdening the trial courts with the probability of considering repetitive, unnecessary post-conviction petitions and is adequate cause to warrant our invoking the provisions ˉof Chapter 475 of the Public Acts of 1970 on our own motion. Dailey v. State, supra; Mosley v. State, Tenn.Cr.App., 477 S.W.2d 246. By the provisions of T.C.A. Sec. 40–3808, a petition for habeas corpus and a post-conviction procedure petition are held to be pari causa when the relief and procedure authorized by the Post-Conviction Procedure Act appears adequate and appropriate. While these actions may be considered to be civil actions for procedural purposes, the United States Supreme Court in Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, has stated unequivocally, " . . . . . We shall not quibble as to whether in this context it be called a civil or criminal action for, as Selden has said, it is 'the highest remedy in law, for any man that is imprisoned.' 3 Howell's State Trials 95 (1628). The availability of a procedure to regain liberty lost through criminal process cannot be made ˉcontingent upon a choice of labels . . . . . " Though Smith v. Bennett, supra, dealt with the requirement of paying filing fees for habeas corpus proceedings, we consider the above comment to be equally applicable to a case such as we have here.

It appears that petitioner was originally indicted for first degree murder and for felonious assault with intent to commit first degree murder. On the day of the trial, petitioner entered guilty pleas on the two charges and accepted the State's recommendation of not less than ten nor more than fifteen years on a second degree murder charge, and a three to ten year sentence on the other charge which was fixed to run concurrently.

Shortly thereafter he filed a pro se petition for post-conviction relief contending he was denied counsel during custodial interrogation which resulted in a signed confession; he was pressured into .pleading guilty as a result of his confession; that his attorney and the court led him to believe that his conviction would be certain if he went to trial; that he committed the homicide in his own self-defense; and was convicted under the wrong Code Section.

Counsel was appointed to represent petitioner after which an amended petition was filed which incorporated the original petition and alleged in substance that the guilty plea entered by petitioner was not voluntarily, intelligently or freely made, but was the product of fear generated by the circumstances set out in the petition. The evidence offered at the hearing was the testimony of petitioner; the testimony of his retained trial counsel; the transcript of the guilty plea proceedings, including the waiver of rights, the statement of petitioner to the police officers, subpoenas on behalf of the petitioner, his signed guilty plea, and waiver of .appeal.

 At the conclusion of the post-conviction hearing the trial judge made a full and comprehensive finding of fact in which he found petitioner was fully informed of his constitutional rights at the guilty plea proceedings and that he knowingly and with the advice and protection of his own paid counsel entered into the guilty pleas, waiving those constitutional rights. We have reviewed this record and studied the transcript of the guilty plea

proceedings including the exhibits which were offered in evidence and hold that it substantially sustains the trial court's finding of fact. The findings of the trial court upon questions of fact are conclusive unless this court finds evidence preponderates against the lower court's judgment. State ex rel. Lawrence v. Henderson, 1 Tenn.Cr.App. 199, 433 S.W.2d 96; State ex rel. Jennings v. Henderson, 1 Tenn.Cr.App. 438, 443 S.W.2d 835; State ex rel. Leighton v. Henderson, 110 Cr.App. 598, 448 S.W.2d 82; Myers v. State, 3 Tenn.Cr.App. 414, 462 S.W.2d 265; Parker v. Russell, 2 Tenn.Cr.App. 130, 451 S.W.2d 722; Bratton v. State, Tenn.Cr.App., 477 S.W.2d 754.

The judgment of the lower court is affirmed.

WALKER, P. J., and OLIVER, J., filed separate concurring opinions.

WALKER, Presiding Judge (concurring separately).

I concur fully that this is a proper case for the court on its own motion to invoke the provisions of TCA 27–111 for considering a late bill of exceptions and that the statute applies in such cases as we have before us. Although I approve our procedure here, I think other procedures are also available. See State v. Davis, 3 Tenn.Cr.App. 625, 466 S.W.2d 237; Hutchins v. State, Tenn., 504 S.W.2d 759.

OLIVER, Judge (concurring separately).

A post-conviction suit instituted to assail the constitutional validity of the petitioner's conviction is a collateral attack on the prior judgment. State ex rel. Ingram v. Henderson, 220 Tenn. 676, 423 S.W.2d 479; Bomar v. State ex rel. Stewart, 201 Tenn. 480, 300 S.W.2d 885.

In this State such a suit is a civil action. State ex rel. Austin v. Johnson, 218 Tenn. 433, 404 S.W.2d 244. Such is the law generally. Citing decisions by the United States Supreme Court, Federal Circuit Courts of Appeal and state courts of last resort, the rule is summarized as follows in 39 Am.Jur.2d, Habeas Corpus § 10:

"It is the prevailing view that habeas corpus is, in its nature, a civil rather than a criminal proceeding, even when it is sought in behalf of one charged with, or convicted of, crime. The proceeding is concerned only with the prisoner's right to liberty, notwithstanding the particular act for which he is detained, and is separate from the legal proceeding under which the detention is sought to be justified."

The same view is stated in 5 Wharton's Criminal Law & Procedure (Anderson), Habeas Corpus § 2222, pp. 444–445.

Chapter 475 of the Acts of 1970, amending TCA § 27–111, is expressly applicable only to criminal cases, and does not change the character of post-conviction proceedings from civil to criminal. The plain result is, in my view, that this Court is wholly without authority to invoke Chapter 475 *sua sponte* to validate a late Bill of Exceptions in this civil case, even as this statute confers no authority on the Court of Appeals and the Supreme Court to do so in any civil case.

The law is settled and well known that a late Bill of Exceptions is a nullity and cannot be considered for any purpose on appeal. Thomas v. State, 206 Tenn. 633, 337 S.W.2d 1; Collier v. State, 202 Tenn. 689, 308 S.W.2d 427; DuBoise v. State, 200 Tenn. 93, 290 S.W.2d 646; Sims v. State, 1 Tenn.Cr.App. 623, 448 S.W.2d 93.

This is so because the requirements of TCA § 27–111 are *jurisdictional,* and the appellate court has no jurisdiction or power to consider a Bill of Exceptions filed after expiration of the time allowed therefor by statute. O'Brien v. State, 205 Tenn. 405, 326 S.W.2d 759.

Because a late Bill of Exceptions is a nullity and the appellate court has no jurisdiction to consider it, the court will notice such a defect on its own motion. Collier v. State, supra.

The law was also settled long ago in this State that in such situations the appellate court cannot review anything other than the technical record. Nelms v. State, 219 Tenn. 727, 413 S.W.2d 378; Thomas v. State, supra; State ex rel. Tines v. Bomar, 205 Tenn. 572, 329 S.W.2d 813; DuBoise v. State, supra; Jones v. Moore, 106 Tenn. 188, 61 S.W. 81; Pruitt v. Cantrell, 196 Tenn. (32 Beeler) 142, 264 S.W.2d 793.

State ex rel. Tines v. Bomar, supra, was a habeas corpus case in which the Bill of Exceptions reflecting the proceedings in the trial court, when the petition was heard and dismissed, was not filed within the statutory period. The Court held that " . . . the purported bill of exceptions can not be considered by this Court," and that the only thing before the Court was the technical record. Finding no error in the technical record, the Court affirmed the judgment of the trial court.

In my opinion our review of this case must be limited to the technical record. Finding no error therein, I would affirm the judgment of the trial court.