Geraldine BRYANT, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Sept. 29, 1975.

Norman D. Lane, Lester, Hildebrand, Nolan, Lane, Underhill, Mondelli, Flynn & Porter, Nashville, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for respondent.

## OPINION

COOPER, Justice.

The issues in this case turn on the interpretation of T.C.A. 27–111, which empowers appellate courts to order the late filing of bills of exceptions in criminal cases.

Petitioner, Geraldine Bryant, was convicted on January 30, 1973, of second degree murder in the death of her husband, and was sentenced to ten years imprisonment. The order overruling petitioner's motion for new trial was entered on May 23, 1973, with the trial judge allowing petitioner ninety days in which to file the bill of exceptions. On the day before the expiration of the ninety day period, the trial judge entered an order giving the official court reporter an additional ninety days to prepare the transcript "due to illness and to an overload of transcript of cases being appealed, and also, due to her presence being required in Circuit Court." The bill of exceptions was authenticated by the trial judge and filed on November 13, 1973. The court reporter's certificate included in the bill of exceptions states:

"I further certify that because of illness (pinched nerve in back and unable to work for almost two months) and because of a death in my family, I have had to ask for an extension of time for transcribing this record and because of a heavy load of transcripts and being in Court taking cases."

The state made no objection to the late filing of the bill of exceptions and the case was argued on its merits, with both parties relying on testimony set out in the bill of exceptions.

The Court of Criminal Appeals, with one judge dissenting, *sua sponte* refused to consider the evidence in the bill of exceptions due to the late filing and affirmed the conviction on the technical record alone. The majority of the court also concluded they had no jurisdiction to *sua sponte* order a late filing of the bill of exceptions and that, in any event, the petitioner did not come within the purview of T.C.A. 27–111 as she was not indigent.

Mrs. Bryant filed a petition to rehear and also moved for permission to file a late bill

of exceptions. The Court of Criminal Appeals summarily denied the petition to rehear. No order was entered on the motion, the Court of Criminal Appeals evidently concluding that action on the motion was not necessary in that, like the petition to rehear, it was directed to the late filing of the bill of exceptions. This court granted certiorari to decide:

(1) whether an appellate court *sua sponte* can order the filing of a late bill of exceptions; and

(2) if so, does T.C.A. 27–111, which provides for the late filing of a bill of exceptions in a criminal case, apply equally to appellants represented by retained counsel and to indigent defendants represented by appointed counsel.

T.C.A. 27–111 requires that a bill of exceptions be filed within thirty (30) days from the entry of the order or action of the court which occasioned the filing of the bill of exceptions, unless within the statutory thirty (30) day period, the trial judge extends the time for filing the bill of exceptions for a period of time not exceeding an additional sixty (60) days. The maximum time allowable then by statute and by order of a trial court for the filing of a bill of exceptions is ninety (90) days. In 1970 the legislature amended T.C.A. 27–111 to provide for the late filing of a bill of exceptions in a criminal case. The relevant part of the amended statute reads as follows:

"Notwithstanding the foregoing time limitations, in criminal cases the Court of Criminal Appeals or the Supreme Court, upon application of the defendant or the state and for good cause shown, shall be empowered at any time to order the filing of the bill of exceptions or any portion thereof in the appropriate appellate court, so as to give the appellate court jurisdiction to consider the same. Upon the receipt of such an order from the appellate court, the trial judge shall see to it that the bill of exceptions or the relevant portion thereof is signed, filed in the trial court and promptly forwarded to the appropriate appellate court for filing therein."

The leading case interpreting the relevant part of T.C.A. Section 27–111 is *Dailey v. State*, 225 Tenn. 472, 470 S.W.2d 608 (1971). In that case the trial court found the petitioner indigent, appointed counsel to represent him, and directed the bill of exceptions be prepared at state expense only one week before the ninety day limit was to expire. The bill of exceptions was filed one day late. The Court of Criminal Appeals refused to consider the bill of exceptions because of the late filing. In reversing the Court of Criminal Appeals and ordering the bill of exceptions be filed, this court described the 1970 amendment as "remedial," stating that it was designed to remove an impediment to the right of full appellate review.

"The United States Supreme Court, in opinions released prior to this 1970 amendment to T.C.A. § 27–111, held that any time a defendant was denied full appellate review due to 'state action' such was error requiring a new trial. The failure to timely file bills of exceptions in cases involving indigent defendants, denying such defendants a full appellate review, was deemed to be the result of 'state action.' This generally resulted in the indigent defendant so denied his full appellate review filing a post-conviction proceeding to have the judgment against him declared void and being successful the State was required to again put him to trial. This resulted in three separate proceedings when, in most cases, one should have been sufficient, which not only put the State to extra expense, but further clogged the already clogged appellate and trial court dockets. These were substantially the facts when the Legislature enacted this 1970 amendment, and it is obvious such was intended to remedy this situation.

"A remedial statute should be liberally construed in furtherance of its purpose. [Citing cases.]"

It was also pointed out in the *Dailey* opinion that:

"The statute [T.C.A. Section 27–111] empowers the appellate courts, exercising their discretion, to order the filing of a late bill of exceptions for good cause shown on motion of the defendant or the State, *and in the interest of justice by the court on its own motion.*" [Emphasis supplied.] Id. at 610.

To the same effect see: *Mitchell v. State,* 512 S.W.2d 661 (Tenn.Cr.App.1974); *Mosley v. State,* 477 S.W.2d 246 (Tenn.Cr.App. 1971).

In the instant case, the majority of the Court of Criminal Appeals interpreted the *Dailey* case as restricting the remedial effect of T.C.A. Section 27–111 to indigent defendants—this despite the fact there is no direct holding to that effect in the *Dailey* case, nor is there an express requirement of indigency set forth in T.C.A. Section 27–111, as amended. Further, the interpretation placed on the *Dailey* case is contra to the action of the Court of Criminal Appeals in *Mosely v. State, supra,* and which was approved by this court by denial of certiorari. In Mosely the court reporter failed to prepare the bill of exceptions within the ninety day limit through no fault of the defendant, and it was authenticated by the trial judge and filed three days late. The non-indigency of the defendant did not prevent the Court of Criminal Appeals from ordering a late filing of the bill of exceptions under T.C.A. 27–111, nor from considering evidence set forth in the bill of exceptions.

As we view the *Dailey* case and T.C.A. 27–111, the key to the filing of a late bill of exceptions is not the financial worth of the appealing party, but rather is the showing of "good cause" by the party seeking to file the bill of exceptions. "Good cause" essentially requires that the delay in filing the bill of exceptions be due to a cause beyond the control of the appealing party, which is the situation in this case. The record shows that the petitioner ordered the bill of exceptions from the reporter assigned to the Circuit Court of Williamson County almost immediately on entry of the order overruling petitioner's motion for new trial. The delay in preparation of the bill of exceptions was due in a large part to illness of the court reporter and to a lesser degree to demands made upon the court reporter's time by the trial judge, both causes being beyond petitioner's power to prevent. In light of these circumstances, we think the Court of Criminal Appeals *sua sponte* should have ordered the late filing of the bill of exceptions, and certainly should have granted it when petitioner filed a motion asking the court to do so.

Accordingly, we order the bill of exceptions filed to give the appellate court jurisdiction. The case is remanded to the Court of Criminal Appeals for consideration of the several assignments of error predicated on evidence and events set forth in the bill of exceptions.

FONES, C. J., and HENRY, BROCK, and HARBISON, JJ., concur.