**STATE of Tennessee, Petitioner,**

v.

**Willie B. WILSON, Respondent.**

Supreme Court of Tennessee.

Dec. 1, 1975.

Robert H. Roberts, Asst. Atty. Gen., Nashville, for petitioner.

James E. Swearengen, Memphis, for respondent.

OPINION

BROCK, Justice.

This is a proceeding for relief under the Post Conviction Procedure Act, T.C.A. §§ 40–3801—40–3824.

A detailed review of the proceedings, both original and post-conviction, is essential to a proper understanding and disposi-

tion of the issues presented. Respondent was indicted in the criminal court for Shelby County on July 30, 1965, for the crime of rape. On August 2, 1965, a minute entry was made indicating that respondent represented to the court at arraignment that he would retain private counsel. The evidence shows that private counsel was retained by his mother to represent him. But, on December 20, 1965, the trial court, pursuant to a motion filed by respondent's counsel in connection with proceedings to determine whether respondent was mentally competent to stand trial, entered the following Order, to-wit:

> "*ORDER DECREEING DEFENDANT INDIGENT*
>
> "This cause came on to be heard before the Hon. W. Preston Battle, Judge, Div. III, Criminal Court, Shelby County, Tennessee, upon the petition of the defendant's attorney, and upon the hearing of the cause, including the testimony of the defendant, Willie B. Wilson, his mother, Louise Wilson, and the statement of attorney for defendant, and for the State of Tennessee, the Court finds that the defendant, Willie B. Wilson, is without funds, and has been confined to the Shelby County jail, and that he is indigent.
>
> "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant, Willie B. Wilson, be, and he is declared, indigent for the purpose of ordering a mental examination.
>
> W. Preston Battle/s/
> JUDGE
> Dec. 20, 1965"

After examination at Central State Hospital, respondent was found to be competent, his plea of present insanity was withdrawn, and a plea of not guilty was entered. On August 9, 1966, respondent's trial was concluded and he was found guilty of rape and sentenced to twenty years imprisonment. A motion for a new trial was filed and was overruled on September 23, 1966. In that order respondent was granted thirty days in which to file a bill of exceptions. On October 21, 1966, a further order was entered that "for good cause shown" respondent was "allowed an additional thirty (30) days from this date" for filing a bill of exceptions. Then, on November 21, 1966, the court entered the following Order, to-wit:

> "ORDER EXTENDING TIME AND DIRECTING TRANSCRIPT
>
> "In this cause, for good cause shown, the defendant is granted an additional 30 days to file his bill of exceptions.
>
> "The defendant, having heretofore been declared indigent, is entitled to the transcript of the record, and the Clerk is directed to transcribe the balance or remaining portions of the record at the State's cost.
>
> "All of which is so ordered.
>
> /s/ W Preston Battle,
>    JUDGE—Nov. 21, 1966
>
> /s/ James C Beasley
> Assistant Attorney General
>
> /s/ R L Pearson
> Attorney for Defendant"

Finally, on December 19, 1966, the trial court entered an order reciting that ". . . a Bill of Exceptions (had) been prepared for and on behalf of both the State and the defendant . . ." and had been presented to the court, examined and authenticated, and ordering that the same be filed and made a part of the record. This order was "approved" by the attorney for the defendant and the Assistant Attorney General for the State. Thus, the case was presented to the Supreme Court for review. In the Supreme Court the respondent sought to present substantial claims of error in the trial resulting in his conviction. But, alas, his appeal was an exercise in futility, for the Court, upon motion of the State, ordered the bill of exceptions stricken from the record because it was not filed within the time allowed by T.C.A. § 27–111, as it then existed. Since none of the errors asserted by respondent could be disclosed without a bill of exceptions, they were all

overruled and the conviction was affirmed. Thereafter, respondent began this proceeding for post-conviction relief.

One of the principal grounds for relief advanced by respondent is that he has been denied his "constitutional right of appellate review." He also contends that he was represented by incompetent or ineffectual counsel at trial and on appeal to the Supreme Court. The trial court denied relief upon the ground that respondent had failed to carry the burden of proof. Upon appeal, the Court of Criminal Appeals has reversed the judgment of the trial court and, by way of relief, has ordered (1) that the transcript of the criminal trial be filed as a late bill of exceptions, as now permitted by T.C.A. § 27–111, and (2) that respondent is granted a delayed appeal, as provided by T.C.A. § 40–3820(1), (2). The State has petitioned this Court for certiorari, contending (1) that the 1970 and 1972 amendments to T.C.A. § 27–111, authorizing appellate courts upon a finding of "good cause" to order the late filing of a bill of exceptions should not be made retroactive to this 1966 conviction and (2) that T.C.A. § 40–3820 permits only trial courts to grant delayed appeals; hence, the Court of Criminal Appeals had no authority to grant respondent a delayed appeal. We affirm the conclusion reached by the Court of Criminal Appeals, but for somewhat different reasons.

As noted, T.C.A. § 27–111 requires, as a predicate for permitting the late filing of a bill of exceptions, that "good cause" be shown. The Court of Criminal Appeals merely adopted the "good cause" recited by Judge Battle in his orders granting extensions of time for filing a bill of exceptions. We think that good cause for allowing the late filing of a bill of exceptions, as well as justification for granting a delayed appeal, can be placed upon firmer ground in this case.

The order of Judge Battle, dated December 20, 1965, and his later order, dated November 21, 1966, both show conclusively that the respondent was indigent, despite the fact that his mother had provided him with counsel. The December 20, 1965, order expressly finds, from evidence, that "defendant, Willie B. Wilson, *is without funds*, and has been confined to the Shelby County jail, *and that he is indigent.*" (Emphasis added.) And, the order of November 21, 1966, is even more pertinent:

"The defendant, *having heretofore been declared indigent*, is entitled to the transcript of the record, and the clerk is directed to transcribe the balance or remaining portions of the record at the State's cost." (Emphasis added.)

As such an indigent, respondent was entitled to have a bill of exceptions prepared for purposes of appeal, free of charge to him. That right was based not only upon a statute, T.C.A. § 40–2040, but upon the equal protection clause of the Constitution of the United States, *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *State v. Elliott*, 524 S.W.2d 473, 475 (1975). And, he was entitled to have such a bill of exceptions in time to have it considered by the appellate court. *Pulley v. Norvell*, 431 F.2d 258 (6th Cir. 1970), cert. denied, 401 U.S. 916, 91 S.Ct. 896, 27 L.Ed.2d 817 (1971). Failure of the State to thus provide a bill of exceptions to respondent clearly constitutes "good cause" for ordering the late filing of the bill of exceptions. The failure to file a timely bill of exceptions was "due to a cause beyond the control of the appealing party." *Bryant v. State*, 527 S.W.2d 742 (1975); *State v. Davis*, 3 Tenn.Cr.App. 625, 466 S.W.2d 237 (1971) and, thus, constitutes "good cause." Furthermore, the recent amendments to T.C.A. § 27–111, here invoked, have, contrary to the insistence of the State, been held to have retrospective application. *Daily v. State*, 225 Tenn. 472, 470 S.W.2d 608 (1971). Accordingly, the first assignment of error is overruled.

The argument of the State that only a trial court is authorized to grant a delayed appeal under the Post-Conviction Procedure Act is without merit. T.C.A. § 40–

3820, provides that the trial court may grant a delayed appeal in the nature of a writ of error when it is found that a petitioner has been denied his right to such an appeal in violation of the Constitution of the United States or the Constitution of Tennessee. But, the statute, T.C.A. § 40–3822, also provides for appeal to the Court of Criminal Appeals from any judgment of the trial court granting or denying relief, and it is clearly within the power of the appellate court to correct an error of the trial court in refusing to grant a delayed appeal by ordering that such delayed appeal be granted. T.C.A. § 27–326.

The only question remaining is whether or not the respondent's loss of his right to a meaningful review of his conviction was occasioned through a violation of his constitutional right. He had an appeal, but it was ineffective to present his claims of error to the Supreme Court. A valid bill of exceptions was absolutely essential for it is the only document under our procedure wherein the occurrences at a trial are recorded and preserved. The appeal, unaccompanied by a bill of exceptions, was a nullity in this case. It necessarily follows that, in the circumstances of this case, the failure of the State to provide respondent with a timely bill of exceptions operated to deny him a meaningful appellate review of his criminal trial, in violation of his rights under the Constitutions of the United States and Tennessee. *Griffin v. Illinois, supra*; *Pulley v. Norvell, supra.*

The judgment of the Court of Criminal Appeals is affirmed.

FONES, C. J., and COOPER, HENRY and HARBISON, JJ., concur.

Addendum:

Costs incident to the proceedings in this Court are taxed against the State.