**Harold ROE, Jr., Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

April 18, 1979.

Certiorari Denied by Supreme Court
July 2, 1979.

**258**

Ted Q. Wilson and Charles W. Martin, Oneida, for appellant.

William M. Leech, Jr., Atty. Gen.; Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., William Paul Phillips, Asst. Dist. Atty. Gen., Huntsville, for appellee.

TATUM, Judge.

## OPINION

The appellant, Harold Roe, Jr., appeals from a judgment denying the probation of a penitentiary sentence of not less than one year nor more than one year upon his guilty plea to having carnal knowledge of a female 15 years of age. He is serving this sentence concurrently with a sentence of not less than two years nor more than five years for voluntary manslaughter. We must affirm the judgment of the trial court.

We regret that we are unable to reach the merits. The order denying probation was entered 7 September 1978 and the trial judge allowed the appellant 90 days in which to file his Bill of Exceptions; the time expired on 5 December 1978. The Bill of Exceptions was not filed in the trial court until 8 January 1979, more than 90 days from entry of the judgment from which he appealed.

The maximum time allowable under T.C.A. § 27–111 is 90 days "from the entry of the order or action of the court which occasioned the filing of said Bill of Exceptions." The statute provides that in criminal cases, this court or the Supreme Court "upon application of the defendant or the state and for good cause shown" is empowered to extend the filing date past the 90 day period.

In *Bryant v. State*, 527 S.W.2d 742, 745 (Tenn.1975), the Supreme Court held that this court had the power to extend the time for filing the Bill of Exceptions on its own motion when "good cause" appears of record, saying,

> As we view the *Dailey* [*Daily v. State*, 225 Tenn. 472, 470 S.W.2d 608] case and T.C.A. 27–111, the key to the filing of a late bill of exceptions is not the financial worth of the appealing party, but rather is the showing of "good cause" by the party seeking to file the bill of exceptions. "Good cause" essentially requires that the delay in filing the bill of exceptions be due to a cause beyond the control of the appealing party, which is the situation in this case.

The appellant has neither requested nor obtained an order extending the time for the filing of the Bill of Exceptions. The record does not indicate the reason for the delay in filing; no cause is shown for the delay. In the absence of "good cause shown" for the delay, we cannot consider the contents of the Bill of Exceptions.

The appellant did not assign error attacking the refusal of the trial judge to grant probation. His only assignment of error is that the court "erred in failing to set aside the guilty plea of the appellant" and in refusing to declare the age of consent statute (T.C.A. § 39–3706)[1] to be unconstitutional. The Technical Record contains no pleading, order, or judgment indicating that the trial judge was requested to set aside the guilty plea.

The general rule is that no appeal lies from an uncoerced guilty plea, knowingly and voluntarily made. *Ray v. State*, 224 Tenn. 164, 451 S.W.2d 854 (1970); *McInturff v. State*, 207 Tenn. 102, 338 S.W.2d 561 (1960).

The appellant relies upon the case of *Meloon v. Helgemoe*, 564 F.2d 602 (1st Cir. 1977) for the proposition that former T.C.A. § 39–3706 is unconstitutional. In the *Meloon* case, the first circuit held a gender based New Hampshire age of consent statute to be unconstitutional. This case was based largely on factual findings as developed on an evidentiary hearing. The *Meloon* court held:

We want to take care to indicate the limited nature of our holding. We have found only one particular statutory rape law to be unconstitutional. We have not reflected on nor do we intend to question the constitutionality of the laws of other states. We express no opinion as to whether on a different record some other statute would pass constitutional scrutiny.

On the basis of the *Meloon* case, even if we found it to be binding authority, we could not say that the former T.C.A. § 39–3706 is unconstitutional. We have no record before us upon which we could base a finding of whether the classifications and category in the Tennessee statutes are not within the police power of the State. The former Tennessee statute is not facially unconstitutional.

The Technical Record reflects no error. There is no showing that the trial judge abused his discretion in denying a probated sentence.

The judgment of the Criminal Court is affirmed.

CORNELIUS, J., and JOHN TEMPLETON, Special Judge, concur.

---

1. This prosecution arose prior to the effective date of The Sexual Offense Law of 1977 (T.C.A. §§ 39–3701 through T.C.A. § 39–3708). See Chapter 937, Public Acts of 1978.