**STATE of Tennessee, Appellee,**

v.

**Wayne H. BLEVINS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 24, 1987.

David R. Denny, Johnson City, for appellant.

W.J. Michael Cody, Attorney General and Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, David Crockett, Dist. Atty. Gen., Kent Garland, Asst. Dist. Atty. Gen., Johnson City, for appellee.

## OPINION

JONES, Judge.

The appellant, Wayne H. Blevins, was convicted of driving while under the influences of an intoxicant, second offense, by a jury of his peers. The appellant was sentenced to serve a term of eleven months and twenty-nine days in the Washington County Jail and pay a fine of $1,000. The trial judge suspended all but sixty days of the appellant's sentence, and placed the appellant on probation for eleven months and twenty-nine days.

After the trial judge denied the appellant's motion for a new trial he appealed as of right to this Court. Tenn.R.App.P. 3(b). In this Court he raises three issues: He challenges (a) the sufficiency of the evidence, (b) a ruling of the trial court regarding the admissibility of a mechanic's bill, and (c) a ruling of the trial court permitting an officer to state he would have arrested the appellant for public drunkenness if he

had been a passenger rather than the driver of the motor vehicle.

Our review of the record reveals the transcript of the evidence was not timely filed. See Tenn.R.App.P. 24(b). The appellant filed a notice of appeal on the 14th day of July, 1986. The transcript of the evidence was filed with the clerk of the trial court on the 21st day of October, 1986, ninety-nine (99) days after the filing of the notice of appeal.

When an appellant desires to make a "stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings" a part of the appellate record, the transcript is required to be filed with the clerk of the trial court "within 90 days after filing the notice of appeal." Tenn.R.App.P. 24(b). If for some reason the transcript cannot be filed timely, it is the duty of the appellant to move this Court for the entry of an order permitting the appellant to file a delayed transcript. See *Dailey v. State*, 225 Tenn. 472, 470 S.W.2d 608 (1971); *Bryant v. State*, 527 S.W.2d 742 (Tenn. 1975); *Roe v. State*, 584 S.W.2d 257 (Tenn. Crim.App.1979). Absent such authorization this Court may dismiss the appellant's appeal or elect to disregard the transcript. Tenn.R.App.P. 26(b).

In the case *sub judice* the late filing of the transcript was the fault of the official court reporter, not the appellant. On September 12, 1986, the trial court entered an order granting the official court reporter an additional thirty days for the typing of the transcript "[d]ue to a heavy workload." Had the transcript been filed on or before the 12th day of October, 1986, it would have been timely filed. However, the official court reporter did not execute the certificate until the 17th day of October, 1986; and the trial judge did not approve the transcript and make it a part of the record until the 21st day of October, 1986, the same day the transcript was filed with the clerk of the trial court.

In *Davis v. Sadler*, 612 S.W.2d 160 (Tenn.1981), the Tennessee Supreme Court ruled the Court of Appeals and this Court should permit the late filing of a transcript or statement of the evidence when (a) it does not prejudice either party to the proceeding and (b) a good faith effort was made to timely file the transcript. See *Butler v. Butler*, 680 S.W.2d 467, 469 n. 1 (Tenn.App.1984). We find the appellant made a good faith effort to timely file the transcript, and the State of Tennessee has not been prejudiced by the nine-day delay. Therefore, we suspend the time constraints of Rule 24(b) and treat the transcript as having been timely filed. See Tenn.R. App.P. 2; *Butler v. Butler*, supra.

Since the appellant challenges the sufficiency of the convicting evidence, we will discuss the salient facts which resulted in the appellant's arrest and subsequent conviction.

On March 28, 1985, at approximately 9:15 p.m., Michael Harris, a Johnson City police officer, noticed a motor vehicle being driven in an erratic manner. The vehicle was traveling at least ten miles per hour below the posted speed limit, and was weaving into an opposing lane of traffic as well as the curb lane of the roadway. Other vehicles traveling along the roadway in the same direction were apparently afraid to pass the vehicle. After following the vehicle for several blocks Officer Harris stopped the vehicle.

The appellant, who was driving the vehicle, was asked to exhibit his driver's license. He did not respond to the request. He also refused to exit the vehicle when requested to do so. However, when he finally exited the vehicle, the appellant stumbled and almost fell to the ground. He had to brace himself between the door and body of the vehicle to avoid falling. As he walked to the rear of the vehicle, at the request of the officer, the appellant, using the body of the vehicle to brace himself, almost fell to the ground a second time. The appellant admitted he had been drinking; and an empty whiskey bottle was found in the interior of the vehicle. When he was asked to take a field sobriety test, the appellant never responded to the request.

The appellant was described as being uncooperative, constantly using vulgar language, having an odor of an alcoholic beverage on his breath, unsteady on his feet, and in a highly intoxicated state. The appellant had to be physically assisted to the police cruiser; and, when he arrived at the jail, he supported himself by holding onto the wall. Although the appellant eventually agreed to submit to a chemical breath test, he placed his tongue over the mouthpiece attached to the tube leading into the testing device. This prevented air from entering the tube. He released his breath through the side of his mouth. The officers were unanimously of the opinion the appellant was under the influences of an intoxicant to the extent his ability to operate a motor vehicle was impaired.

The appellant and his passenger admitted the appellant was weaving, but contended the weaving was due to the appellant's attempt to remove a radio or stereo from the appellant's feet or fidgeting with the dome light in an effort to discover a prescription. He also attributed his erratic driving to a bent frame and an alignment problem caused by an automobile accident. The appellant denied being intoxicated—he had drunk one cocktail and a bottle of beer earlier in the evening—and using vulgar language. The passenger also denied he had been drinking although Officer Harris testified the passenger had been drinking as well.

The appellant is totally disabled, and draws social security disability benefits. He suffers from depression and anxiety attacks, and he becomes forgetful when under stress. He takes medication for these conditions. The appellant testified he also suffers from a respiratory disorder while under stress, and this affected his ability to blow into the chemical breath testing device.

The appellant admitted he had previously been convicted of driving while under the influences of an intoxicant as charged in the indictment. Defense counsel also stipulated to the admissibility of the records of his previous conviction.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn.R.App.P. 13(e). In making this determination we do not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978); *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978); *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). *Braziel v. State*, 529 S.W.2d 501, 505 (Tenn.Crim.App.1975). To the contrary, we are required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, supra.

Questions concerning the credibility of witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. *State v. Cabbage*, supra; *Braziel v. State*, supra; *State v. Grace*, supra. In *Grace* our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d at 476.

Since a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, *State v. Grace*, supra, the accused has the burden of proving to this Court that the evidence preponderates in favor of his innocence and against the verdict of guilt returned by the trier of fact. *State v. Sneed*, 537 S.W.2d 699, 701 (Tenn.1976); *Underwood v. State*, 604 S.W.2d 875, 877 (Tenn.Crim.App.1979). This Court will not disturb a verdict of guilt unless the evidence contained in the record clearly preponderates against the verdict and in favor of the accused's innocence. *Underwood v. State*, supra.

In the case *sub judice* the appellant has failed to establish the evidence contained in the record preponderates against the verdict of the jury and in favor of his innocence. There is ample, indeed over-

whelming, evidence contained in the record from which a rational trier of fact can conclude that the appellant is guilty of the offense of operating a motor vehicle while under the influence of an intoxicant, second offense. Tenn.R.App.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence clearly establishes that the appellant was operating a motor vehicle upon a public roadway while under the influences of an intoxicant and his ability to operate the vehicle was severely impaired. He stipulated to his previous conviction. This issue is without merit.

The appellant testified the motor vehicle he was operating on the evening in question had been involved in an accident in December of 1984. He contended the vehicle was difficult to operate because the frame had been bent. This caused the front end of the vehicle to be out of alignment.

During cross-examination the assistant district attorney general asked the appellant if he had "a mechanic's statement ... showing that there was a bent frame?" The appellant responded that he did, and defense counsel asked the assistant district attorney general if he wanted to see the statement. Questions were then asked concerning what was later revealed to be a bill for services rendered.

On re-direct examination defense counsel attempted to admit the bill into evidence. The bill contains the statement "front end out of alignment—frame bent." The assistant district attorney general objected to the introduction of the bill into evidence on the ground that it was hearsay. The trial court sustained the objection.

■ The statement contained in the mechanic's bill is hearsay, and, therefore, was not admissible as evidence. *Home Ins. Co. v. Stone River Nat'l. Bank*, 88 Tenn. 369, 12 S.W. 915, 918 (1889), [proof of loss not admissible as evidence to establish the loss or the amount of the loss]; *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844, 849 (Tenn. App.1982), [mailing log displaying a notice of cancellation of an insurance policy said to be hearsay]. See *State v. Wallace*, 664 S.W.2d 301, 304 (Tenn.Crim.App.1983), [magazine article]; *State v. Braggs*, 604 S.W.2d 883, 885 (Tenn.Crim.App.1980), [prior statement of witness]. The bill sought to be introduced was (a) "written evidence" of an out-of-court statement, (b) it was offered to show the truth of the statement contained in the bill, and (c) the value of the statement rested upon the integrity of the out-of-court asserter. See D. Paine, *Tennessee Law of Evidence* §§ 47, et seq. (1974).

■ The fact the assistant district attorney general used the bill to cross-examine the appellant is of no consequence. Defense counsel freely and voluntarily offered the mechanic's bill to the prosecutor for his perusal, inspection, and use. He was not required to do so. The appellant cannot now complain. See Tenn.R.App.P. 36(a). This issue is without merit.

During the re-direct examination of the arresting officer the assistant district attorney general was permitted to ask the officer over the objection of the appellant: "... [I]f Mr. Blevins had been the passenger in this car, just as you said you dealt with the passenger, had Mr. Blevins been the passenger in the car, would he have been arrested for public drunkenness?" The officer answered that he would have arrested the appellant for public drunkenness.

■ Whether Officer Harris would or would not have arrested the appellant of public drunkenness if he had been a passenger was irrelevant and immaterial. See *State v. Banks*, 564 S.W.2d 947 (Tenn. 1978); Paine, *Tennessee Law of Evidence* §§ 1, et seq. (1974). The appellant was identified as the driver of the motor vehicle, and the appellant admitted he was driving the vehicle. Thus, the trial judge should have sustained the appellant's objection to the question. However, we are of the opinion this error was harmless beyond a reasonable doubt in view of the overwhelming evidence of the appellant's guilt. Tenn.R.App.P. 36(b); Tenn.R.Crim.P. 52(a). *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment of the trial court is affirmed.

WALKER, P.J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.