**Johnny Mack PORTER, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Feb. 1, 1973.

Certiorari Denied by Supreme Court

April 16, 1973.

Hugh W. Stanton, Sr., Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Phillip W. Brooks, Asst. Atty. Gen., Nashville, Ewell C. Richardson and Wayne Emmons, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

OPINION

GALBREATH, Judge.

The plaintiff in error abandoned his plea of not guilty to the indictment charging him with armed robbery, and in his testimony and his argument to the jury on the issue of punishment he freely and voluntarily acknowledged his guilt. After exhaustively detailing the events leading up to and including the armed robbery of a Memphis grocery and the escape therefrom, the defendant candidly told the jury:

"I deliberately, cold-bloodedly, premeditatedly, schemed, planned, connived and engineered this robbery so that it would come out the way it did."

Counsel for the defendant concurred in the defendant's decision to plead his guilt to the court and jury and sought, with the defendant who insisted on representing himself, to persuade the jury to be lenient in the fixing of punishment because of the deprived background of the accused and the alleged severe beatings administered the defendant and his accomplices by the police when captured after a high speed, bullet riddled chase. From the verdict of the jury and the judgment thereon by the court fixing punishment at thirty-five years, the defendant has appealed.

A number of assignments of error address themselves to adverse rulings on pretrial motions seeking release from jail on reduced bail, suppression of evidence, change of venue, recusation of the trial judge, and the dismissal of the indictment. All of these matters have been rendered moot by the free and voluntary in-court acknowledgement of the defendant that he was guilty as charged in the indictment. Other assignments of error addressing

themselves to the admission of evidence, the credibility of witnesses, the legality of the arrest, and the conduct of counsel for the State, the trial judge and the proceedings themselves have also been laid to rest by the guilty plea. While we have carefully considered each of the many assignments and found them to be without merit, the defendant has no standing to complain of any error committed in the fact-finding process leading to his conviction since he himself withdrew the issue of guilt or innocence from the jury when he voluntarily stipulated under oath his guilt. See Swaw v. State, 3 Tenn.Cr.App. 92, 457 S.W.2d 875; Myers v. State, 3 Tenn.Cr.App. 414, 462 S.W.2d 265.

■ The only assignments of error challenging jurisdiction are to the action of the trial court in overruling a plea in abatement attacking the composition of the grand jury of Shelby County on the grounds that members of the negro and other minority races have been systematically excluded from service either as foremen or members of that body. A lengthy hearing was conducted on the issues raised by the plea and a great deal of proof was adduced which convinced the trial judge that the method used in the selection of a grand jury foreman by the presiding judge of Division I of the Shelby County Criminal Court did not take into consideration the race of persons considered for the post. It was further developed that for many years the members of the grand jury, other than the foreman, have been chosen by lot and that no opportunity for discrimination based on race exists in the system. It was undisputed that blacks have served on the grand jury without regard to race, and sometimes as many as five of the twelve members chosen by lot have been non-white. In light of the proof we must sustain the trial judge on this issue of fact.

We have considered all assignments of error and find none of them meritorious. The judgment is affirmed.

MITCHELL, J., concurs.

DWYER, Judge (concurring).

I agree with my brethren as to the results they have reached in affirming this conviction.

However, I feel that where as here the plaintiff-in-error after entering a not guilty plea chose to testify, and from the witness stand freely admitted his guilt, his assignments of error were then made harmless if in fact any were otherwise meritorious. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. His testimony preempted the purpose of the trial, that is, the ascertainment of truth on disputed issues.

I cannot agree that the principles enunciated in Swaw v. State, 3 Tenn.Cr.App. 92, 457 S.W.2d 875, and Myers v. State, 3 Tenn.Cr.App. 414, 462 S.W.2d 265, are applicable here, where we have all the formalities of trial. The standards contained in the two relied upon authorities are controlling only when a guilty plea is entered consistent with all constitutional standards and with accompanying waiver of all constitutional guarantees.