**STATE of Tennessee, Appellee,**

v.

**Carl Apple McKISSACK, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 29, 1995.

Stephen P. Spracher, Assistant Public Defender, Jackson (George Morton Googe, District Public Defender, Jackson, of counsel), for Appellant.

Charles W. Burson, Attorney General & Reporter, Nashville, Clinton J. Morgan, Assistant Attorney General, Nashville, James G. Woodall, District Attorney General, Jackson, James W. Thompson, Assistant District Attorney General, Jackson, for Appellee.

## OPINION

JONES, Judge.

The Madison County Grand Jury indicted the appellant, Carl Apple McKissack, for the offense of aggravated robbery, a Class B felony. Subsequently, the state and the appellant entered into a plea bargain agreement. The trial court accepted and approved the agreement. The appellant entered a plea of guilty to the offense of aggravated robbery pursuant to the agreement. The trial court found that the appellant was a standard offender and imposed the agreed sentence of confinement for eight (8) years in the Department of Correction.

The appellant filed a *pro se* notice of appeal. Counsel moved this Court to withdraw as counsel on the ground the appellant did not have the right to appeal. This Court denied the motion. In this Court the appellant raises the following issue:

> Where a negotiated guilty plea is entered under T.R.Cr.P. 11(e)(1)(c) which is agreed upon by all parties including the Defendant as the agreed disposition of the case, then does a defendant have the right to appeal his sentence?

After a review of the record, the briefs of the parties, the applicable statutes and rules, and the common law, this Court concludes that the appellant does not have a right to appeal from an agreed sentence. Accordingly, this appeal is dismissed.

As a general rule, an accused who enters a plea of guilty to a criminal offense waives the right to appeal.[1] However, this rule is subject to a limited number of narrowly defined exceptions.[2] Tenn.R.App.P. 3(b)(2) states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals ... (2) on a plea of guilty or nolo contendere, if the

---

1. *See Capri Adult Cinema v. State*, 537 S.W.2d 896 (Tenn.1976); *Ray v. State*, 224 Tenn. 164, 451 S.W.2d 854 (1970); *Roe v. State*, 584 S.W.2d 257 (Tenn.Crim.App.), *cert. denied* (Tenn.1979); *Porter v. State*, 495 S.W.2d 570 (Tenn.Crim.App.), *cert. denied* (Tenn.1973); *Ingram v. Henderson*, 2 Tenn.Crim.App. 372, 454 S.W.2d 167, *cert. de-nied* (Tenn.1970); *McFerren v. State*, 1 Tenn. Crim.App. 688, 449 S.W.2d 724 (1969), *cert. denied* (Tenn.1970).

2. *See* Tenn.R.App.P. 3(b)(2); Tenn.R.Crim.P. 37(b)(2).

defendant entered into a plea agreement but *explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action,* or if the defendant seeks review of his sentence and *there was no plea agreement* concerning his sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. (Emphasis added).

Tenn.R.Crim.P. 37(b)(2) states:

(b) When an Appeal Lies. An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:

\*    \*    \*    \*    \*    \*

(2) upon a plea of guilty or nolo contendere if:

(i) defendant entered into a plea agreement under Rule 11(e) but *explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case;* or

(ii) defendant seeks review of the sentence set and *there was no plea agreement under Rule 11(e);* or

(iii) the error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or

(iv) defendant *explicitly reserved with the consent of the court the right to appeal*

*a certified question of law that is dispositive of the case.* (Emphasis added).

The appellant's appeal does not fall within any of the exceptions contained in the two rules.

 While the appellant entered into a plea bargain agreement, he did not reserve with the consent of the trial court and the state the right to appeal a certified issue that is dispositive of the conviction.[3] Nor did the appellant take such steps with the consent of the trial court.[4] Furthermore, the appellant cannot challenge the sentence imposed because the sentence was part of the plea bargain agreement between the parties.[5]

A plea of guilty, which is entered voluntarily, knowingly, and intelligently, waives all prior non-jurisdictional, procedural, and constitutional defects in the proceedings.[6] In this case, the appellant does not challenge the validity of the guilty plea he entered, and he does not raise an issue that has not been waived. Thus, the appellant is not entitled to relief pursuant to this exception.[7]

In summary, the appellant does not have the right to appeal after entering a valid plea of guilty and being sentenced pursuant to the terms of a plea bargain agreement. Therefore, this appeal must be dismissed.

SUMMERS and BARKER, JJ., concur.

---

3. Tenn.R.App.P. 3(b); Tenn.R.Crim.P. 37(b)(2)(i).

4. Tenn.R.Crim.P. 37(b)(2)(iv).

5. Tenn.R.App.P. 3(b); Tenn.R.Crim.P. 37(b)(2)(ii).

6. *See Capri Adult Cinema v. State,* 537 S.W.2d 896 (Tenn.1976); *Ray v. State,* 224 Tenn. 164, 451 S.W.2d 854 (1970); *Roe v. State,* 584 S.W.2d 257 (Tenn.Crim.App.), *cert. denied* (Tenn.1979); *Porter v. State,* 495 S.W.2d 570 (Tenn.Crim.App. 1973); *Ingram v. Henderson,* 2 Tenn.Crim.App. 372, 454 S.W.2d 167 (1970); *McFerren v. State,* 1 Tenn.Crim.App. 688, 449 S.W.2d 724 (1969).

7. Tenn.R.App.P. 3(b); Tenn.R.Crim.P. 37(b)(2)(iii).