**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JULY SESSION, 1997**

FILED

October 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9610-CC-00381** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **COCKE COUNTY** |
| **VS.** | ) | |
| | ) | **HON. WILLIAM R. HOLT, JR.** |
| **TERESA FITHIAM,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (DUI & Child Endangerment) |

**ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF COCKE COUNTY**

FOR THE APPELLANT:

SUSANNA L. THOMAS
Assistant Public Defender
102 Mims Avenue
Newport, TN 37821

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

AL SCHUMTZER, JR.
District Attorney General

JAMES B. DUNN
Assistant District Attorney General
339A East Main Street
Newport, TN 37821

OPINION FILED _____

APPEAL DISMISSED; JUDGMENT AFFIRMED

DAVID H. WELLES, JUDGE

fithiamt.opn

# OPINION

This is a direct appeal from a guilty plea pursuant to Rule 37(b)(2)(ii) of the Tennessee Rules of Criminal Procedure. Pursuant to a plea agreement, the Defendant pleaded guilty to one count of DUI and one count of child endangerment.[1] Both offenses are Class A misdemeanors. As part of the agreement, she was sentenced to a forty-eight (48) hour mandatory incarceration plus eleven (11) months and twenty-seven (27) days of probation for the DUI conviction and a mandatory thirty (30) day incarceration plus ten (10) months and twenty-nine (29) days of probation for the child endangerment conviction. Also, the Defendant reserved the right to appeal the "legality" of her sentence. In this appeal, she argues that the statute imposing a mandatory thirty-day incarceration period for child endangerment is unconstitutional as cruel and unusual punishment violative of the Eighth and Fourteenth Amendments to the United States Constitution. We dismiss the appeal and affirm the judgment of the trial court.

On October 13, 1995, the Defendant, Teresa Fithiam, was arrested after she lost control of the vehicle she was driving northbound on Highway 321 in Cocke County. The car left the roadway and overturned. Two of her four children, ages 23 months and 11 months, were in the vehicle and received minor injuries. Only the younger child was restrained. The Defendant suffered head

---

[1] Tenn. Code Ann. §§ 55-10-401, -414.

injuries for which she was hospitalized for three days.  A blood alcohol test measured the Defendant's blood alcohol level at .13%.

The Defendant testified at the guilty plea hearing that she came home from work, had two or three beers, cooked dinner and bathed the children.  Her husband, who had been drinking all day, became abusive and she left with the children.  It is unclear whether her husband was chasing her in the car, but he was present after the accident and transported the children to the hospital.

The Defendant was indicted on one count of DUI and two counts of child endangerment.  She entered into a plea agreement with the district attorney for the minimum mandatory sentence for DUI of forty-eight hours in confinement and the minimum mandatory sentence for child endangerment of thirty days incarceration.  The remainder of each sentence was to be suspended and the Defendant placed on probation.  The Defendant was also required to pay the minimum $350 fine for the DUI conviction and the minimum $1000 imposed for the child endangerment conviction.  The plea agreement and the transcript of the guilty plea hearing reflect that the State agreed that the Defendant "reserves right to appeal legality of sentence and merger of counts of child endangerment." The judgment forms do not mention a reservation of a review of the sentence in an appeal, however, in an order on May 16, 1996, the trial court approved the plea agreement reached by the parties.  At the hearing on the guilty plea, the trial court dismissed the second count of child endangerment, finding that it merged into the first count as one offense for both children.  The Defendant requested work release, which the trial court denied because of the mandatory incarceration.  The trial court did not rule on the legality or constitutionality of the

thirty-day incarceration mandated by Tennessee Code Annotated section 55-10-414.

The Defendant argues that the mandatory incarceration required by section 55-10-414 unconstitutionally denied her the granting of work release. We note initially that the Defendant has not properly reserved the issue for the purposes of this appeal. The notice of appeal reflects that the issue is being appealed pursuant to Rule 37(b)(2)(ii) of the Tennessee Rules of Criminal Procedure which states in pertinent part that: "An appeal lies . . . from any judgment of conviction: (2) upon a plea of guilty or nolo contendere if: (ii) defendant seeks review of the sentence set and *there was no plea agreement under Rule 11(e)*." (emphasis added). A guilty plea constitutes a waiver of all nonjurisdictional and procedural defects or constitutional infirmities, State v. Bilbrey, 816 S.W.2d 71, 75 (Tenn. Crim. App. 1991), and Rule 37 provides limited exceptions for an appeal following a guilty plea. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996).

Here, although the Defendant purported to reserve review of her sentence as reflected in the plea agreement and the hearing transcript, the record reflects that the Defendant entered into a negotiated plea agreement that comports with Rule 11(e). The particular posture in which this case has been presented does not fit squarely within any of the enumerated exceptions under Rule 37. The record reflects that a plea agreement was reached and thus, the Defendant has waived appellate review of her sentence because she has not met the requirements of Rule 37(b)(2)(ii). See State v. McKissack, 917 S.W.2d 714, 716 (Tenn. Crim. App. 1995). In order to obtain appellate review of her sentence, the Defendant could have chosen to plead guilty without a negotiated agreement and

left sentencing to the trial court and pursued the issue in a direct appeal under Rule 3.

The judgment entered reflects that the trial judge accepted and approved the recommended sentence. The trial court did not rule on the constitutionality of the mandatory sentence because the issue was not presented. There is no procedural vehicle under Rule 37 for a hybrid plea agreement that reserves a portion of the sentence purportedly not agreed to for appellate review. There is no right to appeal from an agreed sentence. McKissack, Id. Therefore, because it is not properly before us, we believe this appeal should be dismissed.

In consideration of the foregoing, even if the Defendant had properly reserved the issue for appeal, we would conclude that it is without merit. The Defendant contends that the mandatory thirty-day sentence unconstitutionally deprives her of probation or the possibility of work release in her case. She argues that it is cruel and unusual punishment violative of the Eighth and Fourteenth Amendments to the United States Constitution. The Eighth Amendment applied to the states through the Fourteenth Amendment prohibits cruel and unusual punishment and requires that the punishment imposed must be proportioned to the severity of the offense in the capital case context. See State v. Harris, 844 S.W.2d 601, 602 (Tenn. 1992)(citing Weems v. United States, 217 U.S. 349, 367, 30 S.Ct. 544, 549, 54 L.Ed. 836 (1910)). Yet, "[r]eviewing courts should grant substantial deference to the broad authority legislatures possess in determining punishments for particular crimes, '[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare.'" Harris, 844 S.W.2d at 602

(quoting Solem v. Helm, 463 U.S. 277, 289-90, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637, 649 (1983)) (emphasis in original). The mandatory nature of a sentence, even if it appears to be cruel, is not otherwise unusual and does not render it violative of the Eighth Amendment. Harmelin v. Michigan, 501 U.S. 991, 996, 111 S. Ct. 2680, 2701, 115 L.Ed.2d 836 (1991)(life without parole for conviction for possessing 672 grams of cocaine constitutional); State v. Hinsley, 627 S.W.2d 351, 355 (Tenn. 1982)( sentencing provisions of the habitual drug offender act constitutional); State v. Danny Lee Holder, C.C.A. 01C01-9501-CC-00015, Lincoln County (Tenn. Crim. App., Nashville, Mar. 22, 1996) (mandatory service of the entire sentence for defendants convicted of rape of a child constitutional).

Nor does the mandatory sentence violate the more expansive application to non-capital sentencing by our supreme court of Article I, Section 16 of the Tennessee Constitution. If we consider the mandatory sentence under the state constitution, this requires that the sentence initially be compared to the crime committed. Harris, 844 S.W.2d at 603. "Unless this threshold comparison leads to an inference of gross disproportionality, the inquiry ends--the sentence is constitutional." Id. However, in the few cases when the inference arises, we must compare the sentence as applied to other criminals in the jurisdiction, and sentences for the same crime in other jurisdictions. Id. Here, we cannot conclude that the imposition of a mandatory thirty-day sentence is disproportionate to the crime on its face. Obviously, the general assembly has determined that the seriousness of the offense of driving while under the influence with children in the vehicle warrants a more severe punishment. The legislature has also graded the offense with reference to more serious consequences to a child, i.e. serious bodily injury and death. Tenn. Code Ann.

§ 55-10-414(2), (3). The legislature has broad power to determine the nature and length of punishments for crimes and we should generally defer to its authority.

The appeal is dismissed and the judgment of the trial court is affirmed.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
THOMAS T. WOODALL, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE