**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**APRIL 1999 SESSION**

FILED

July 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **CECIL COLLINS**, | * | C.C.A. NO. 03C01-9805-CR-00192 |
| APPELLANT, | * | KNOX COUNTY |
| VS. | * | Hon. Ray L. Jenkins, Judge |
| **STATE OF TENNESSEE**, | * | (Habeas Corpus) |
| APPELLEE. | * | |

For Appellant:

Cecil Collins, #209223
Northeast Correction Center
P.O. Box 5000
Mountain City, TN 37683

For Appellee:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Todd R. Kelley
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North, 2nd Floor
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

On April 21, 1998, the petitioner, Cecil Collins, citing Tenn. Code Ann. § 29-21-101, filed pro se a "Writ of Error/Petition to Correct and/or Amend Sentence" in the Knox County Criminal Court. On April 30, 1998, the trial court summarily dismissed the petition, finding that the petition did not conform to the requirements of the habeas corpus statute and failed to present a cognizable ground for relief. Following a review of the record, we affirm the judgment of the trial court.

In his petition, the appellant alleges that he pled guilty in the Knox County Criminal Court to second degree murder and, in accordance with a plea agreement, was sentenced to forty years incarceration in the Tennessee Department of Correction.[1] The petitioner does not allege that the convicting court was without jurisdiction or authority to sentence him, or that his sentence has expired. Rather, the petitioner argues that he was denied the right to appeal his guilty plea; he was improperly sentenced as a Range II multiple offender, and that the trial court erred by ordering the petitioner to pay fees to the criminal injury fund in the amount of one-hundred and seven ($107.00) dollars.

The petitioner's claim that his sentence as a Range II multiple offender is illegal is not cognizable in a habeas corpus proceeding. It is well established that habeas corpus relief is only available if it appears on the face of the judgment or the record of the proceeding upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. Archer v. State, 851 S.W.2d 157, 160 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). Moreover, claims based upon factual disputes that were already resolved at the sentencing hearing, such as a petitioner's sentencing range, are not subject to relitigation in a habeas corpus

---

[1] We have no record of any proceedings occurring prior to these habeas corpus proceedings, including the judgment of conviction.

2

proceeding. <u>State ex rel. Holbrook v. Bomar</u>, 364 S.W.2d 887, 889 (Tenn. 1963).

The petitioner also alleges that as a result of the trial court's failure to advise him of his "appellate rights," he was effectively denied the right to appeal his guilty plea. As a general rule, a defendant does not have a right to appeal his sentence after entering a valid plea of guilty and being sentenced pursuant to the terms of a plea agreement. <u>State v. McKissack</u>, 917 S.W.2d 714, 715 (Tenn. Crim. App. 1995). Rule 3(b)(2), Tenn. R. App. P., provides as follows:

> <u>In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court . . . on a plea of guilty</u> . . . <u>if the defendant seeks review of his sentence and there was no plea agreement concerning the sentence</u>, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendre and if such issues are apparent from the record of the proceedings already had.

(Emphasis added). Rule 37(b)(2), Tenn. R. Crim. P., also bars relief:

> (b) When an Appeal Lies. An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
> * * *
>
> (2) upon a plea of guilty or nolo contendre if:
>
> * * *
>
>    (ii) <u>defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e)</u>.

(Emphasis added).

Additionally, the petitioner alleges that the trial court had an obligation to advise the petitioner of the availability of post-conviction rights prior to accepting his guilty plea. Yet, the petitioner cites no authority for the proposition that a trial court must advise a defendant of the availability of post-conviction proceedings prior to accepting his guilty plea. In any event, we note that the failure to advise the defendant fully of rights waived by the entry of a guilty plea renders the judgment voidable rather than void, thus making petitioner's claim in this case not cognizable in habeas corpus proceedings. <u>State v. Neal</u>, 810 S.W.2d 131, 134 (Tenn. 1991). Therefore, this issue is without merit.

Next, the petitioner alleges that the trial court erred by ordering the petitioner to pay fees to the criminal injury fund in the amount of one-hundred and seven ($107.00) dollars. Specifically, the petitioner contends that the trial court erred by ordering the petitioner to pay restitution along with serving a sentence of incarceration.

Initially, we note that the procedural provisions pertaining to habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. We note that the petitioner did not attach the judgment of conviction in his case to his petition for habeas corpus relief, as required by Tenn. Code Ann. § 29-21-107(b)(2) (1980). A trial court may dismiss a petition for failure to comply with this requirement. State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965). It is the duty of the appellant to prepare an adequate record to allow a meaningful review on appeal. Tenn. R. App. P. 24(b); State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993); State v. Bennett, 798 S.W.2d 783, 790 (Tenn. Crim. App. 1990). Therefore, due to the minimal record before this court, we are unable to address this claim.

Accordingly, the judgment of the trial court is affirmed.

_____
Norma McGee Ogle, Judge

CONCUR:


_____
Jerry L. Smith, Judge


_____
Joe G. Riley, Judge

4