**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**MAY 1999 SESSION**

**FILED**

**October 12, 1999**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. 01C01-9801-CC-00036 |
| **Appellee** | * | CANNON COUNTY |
| **V.** | * | Hon. J. S. Daniel, Judge |
| **JAMES FRAZIER,** | * | (Incest) |
| **Appellant.** | * | |

For Appellant

Scott Daniel
P.O. Box 960
Murfreesboro, TN 37133-0960

For Appellee

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Daryl J. Brand
Associate Solicitor General
425 Fifth Avenue North
Nashville, TN  37243-0493

David Puckett
Assistant District Attorney General
303 Rutherford County Judicial
Building
Murfreesboro, TN 37130

OPINION FILED:

AFFIRMED

NORMA MCGEE OGLE, JUDGE

**OPINION**

On January 17, 1997, the appellant, James Frazier, was indicted by a Cannon County Grand Jury for twenty-four counts of raping his minor daughter, GF,[1] and twelve counts of incest with his daughter, the offenses occurring in 1995. On August 28, 1997, the appellant submitted a petition to enter pleas of guilt to six counts of incest in return for the State's dismissal of the remaining counts of the indictment and in return for consecutive sentences of three years for each conviction of incest. The parties agreed that the trial court would determine whether the appellant should receive a sentencing alternative to incarceration. Following a sentencing hearing, the trial court accepted the plea agreement, imposing an effective sentence of eighteen years in the Tennessee Department of Correction, but declined to grant alternative sentencing. On appeal, the appellant challenges both the imposition of consecutive sentencing and the trial court's denial of an alternative sentence. Following a thorough review of the record, we affirm the judgment of the trial court.

## I. Factual Background

The trial court conducted the appellant's sentencing hearing on November 7, 1997. The proof at the sentencing hearing established that the appellant grew up in Cannon County and was a member of a closely knit family. Indeed, the appellant left high school after completing the tenth grade in order to work for his father in the family logging business. The appellant worked in the family logging business and also worked with his family farming tobacco and raising cattle until 1987, when he began working with the Tennessee Farmer's Co-op in nearby Rutherford County. The appellant maintained employment at the Tennessee

---

[1]Consistent with the policy of this court, we will withhold the identity of children involved in sexual abuse cases, identifying them only by their initials.

2

Farmer's Co-op until his arrest for the instant offenses. The record further reflects that, other than two traffic violations, the appellant possesses no criminal record. Moreover, at the sentencing hearing, both the appellant and several family members testified that the appellant has never abused alcohol or drugs. The appellant does take medications for the treatment of diabetes and hypertension.

At the time of these offenses, the appellant was married and had three biological children and two step-children. The appellant confessed at the sentencing hearing that, prior to the instant offenses, he had sexually abused a minor step-daughter for a period of one year. Due to this episode of sexual abuse, the Department of Children's Services removed the appellant's step-daughter and his biological daughter, GF, from the appellant's home. The appellant apparently avoided criminal prosecution, agreeing to undergo counseling which comprised fifty-seven group counseling sessions between 1993 and 1995 and additional individual counseling. On July 28, 1995, the appellant was diagnosed with "pedophilia, limited to incest." Nevertheless, in 1995, the Department of Children's Services returned the appellant's biological daughter, GF, to the appellant's home. According to the appellant, he began sexually abusing his minor daughter approximately six months after her return to the home.

During the ensuing year, the appellant engaged in sexual intercourse with his daughter approximately once every week. In a statement to the police, the appellant indicated that his daughter repeatedly asked that he cease his sexual advances. However, he also denied using anything other than verbal coercion upon his daughter. At the sentencing hearing, the appellant expressed remorse for his crimes and indicated a willingness to again undergo counseling.

Azero Frazier, the appellant's father, testified on the appellant's behalf. He stated that, during the appellant's employment by the family business, the appellant was a hard worker. Moreover, Mr. Frazier recalled that the appellant never posed a disciplinary problem for his parents. Mr. Frazier concluded that, if his son were granted an alternative sentence, he would provide the appellant with a home, employment, and supervision.

Finally, the appellant's daughter, GF, submitted a Victim Impact Statement. She indicated that she did not oppose the imposition of an alternative sentence providing for the appellant's release from incarceration after September 20, 1998. GF asserted her belief that the appellant does not pose a danger to her or other members of the community.

At the conclusion of the hearing, the trial court entered the following findings of fact:

> This Court has carefully considered the probation report, the attachments to that report, the testimony presented at this hearing as well as the plea. After considering arguments of counsel, this Court determines that the application for a suspended sentence should be denied. In making this determination a careful consideration of the circumstances of the various offenses has greatly weighed upon the Court's determination. In this case the Defendant is convicted of incest against his natural child over an extended period of time. This criminal activity occurred after the Defendant had been identified as being involved in an incestuous relationship with a step-daughter and had completed an extensive course of psychological treatment over approximately a year before having obtained the custody of the child victim in the current cases.
>
> In addition, this record demonstrates that although the Defendant has no prior criminal record of convictions, the Defendant engaged in numerous acts of uncharged criminal conduct by having sexual intercourse with his natural daughter, sexually assaulting the step-daughter, and that he has engaged in a continued course of pedophilia within his family.

Therefore, to suspend all or a portion of this sentence would be to depreciate the seriousness of the continued course of criminal activity against these children . . . .

## II. Analysis

We first conclude that the appellant waived his right pursuant to Tenn. Code. Ann. § 40-35-401 (1997) to appeal the imposition of consecutive sentencing in his case. State v. McKissack, 917 S.W.2d 714, 715 (Tenn. Crim. App. 1995); State v. Jaco, No. 01C01-9802-CC-00091, 1998 WL 917805, at *5 (Tenn. Crim. App. at Nashville, December 21, 1998), perm. to appeal denied, (Tenn. 1999); Tenn. R. App. P. 3(b)(2); Tenn. R. Crim. P. 37(b)(2).[2] Moreover, we conclude that the trial court properly denied the appellant a sentencing alternative to incarceration.

Appellate review of the manner of service of a sentence is de novo. Tenn. Code. Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code. Ann. § 40-35-102, -103, -210 (1997). See also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is upon the appellant to demonstrate the impropriety of his sentences. Tenn. Code. Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial

---

[2]We reject the appellant's argument, set forth in his reply brief, that the terms of the plea agreement in this case are ambiguous.

5

court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

In this case, the appellant received sentences of less than eight years for each conviction of incest and, accordingly, is eligible for probation. State v. Langston, 708 S.W.2d 830, 832-833 (Tenn. 1986); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997). Moreover, the appellant meets the eligibility criteria for alternative sentencing under the Community Corrections Act. Tenn. Code. Ann. § 40-36-106(a) (1995). Nevertheless, the trial court concluded that granting an alternative sentence would depreciate the seriousness of the appellant's offenses. Tenn. Code. Ann. § 40-35-103(1)(B).

The appellant contends that the trial court, in denying an alternative sentence, failed to accord the appellant the statutory presumption in favor of alternative sentencing as required by Tenn. Code. Ann. § 40-35-102(6) and did not adequately consider applicable mitigating circumstances. We note that the record does not reflect whether the trial court accorded the appellant the presumption in favor of alternative sentencing. Therefore, we will not presume that the trial court correctly sentenced the appellant.

Nevertheless, even assuming that the presumption of alternative sentencing is applicable in this case, the need to avoid depreciating the seriousness of the appellant's offenses, Tenn. Code. Ann. § 40-35-103(1)(B), overcomes the presumption. Tenn. Code. Ann. § 40-35-102(6). Moreover, we have previously observed that "[w]hile the statute speaks in terms of overcoming the presumption, sufficient contrary evidence, typically, also defeats the defendant's claim to alternative sentencing." State v. Lane, No. 03C01-9607-CC-00259, 1997 WL

6

332061, at *10 (Tenn. Crim. App. at Knoxville, June 18, 1997), perm. to appeal granted, (Tenn. 1998). The contrary evidence in the record currently before this court overwhelmingly defeats any claim of the appellant to alternative sentencing.

Under Tenn. Code. Ann. § 40-35-103(1)(B) and Tenn. Code. Ann. § 40-35-210(b)(4), the nature and circumstances of an offense may serve as the sole basis for denying a sentencing alternative to incarceration if the offense was especially violent, horrifying, reprehensible, offensive, or otherwise of an excessive or exaggerated degree, and the nature of the offense outweighs all factors favoring a sentencing alternative to incarceration. State v. Grissom, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997)(citing State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995)). In this case, the appellant was convicted of multiple counts of incest with his daughter. State v. Zeolia, 928 S.W.2d 457, 462 (Tenn. Crim. App. 1996). Moreover, the record reflects that the appellant admitted to multiple uncharged incidents of sexual intercourse with his daughter. The appellant persisted in his sexual advances despite his daughter's repeated pleas. According to the record, the incidents occurred approximately once every week over as much as one year. Moreover, in evaluating the seriousness of this appellant's offenses, we may apply mitigating and enhancement factors set forth in Tenn. Code. Ann. § 40-35-113 (1997) and  -114 (1995). Tenn. Code. Ann. § 40-35-210(b)(5); Zeolia, 928 S.W.2d at 461. As the victim's father, the appellant clearly occupied and abused a position of private trust. Tenn. Code. Ann. § 40-35-114 (15). Moreover, the appellant had previously sexually molested his minor step-daughter. Tenn. Code. Ann. § 40-35-114 (1). In short, the nature and circumstances of the appellant's offenses are thoroughly reprehensible, outweighing all other factors favoring alternative sentencing.

7

Additionally, the potential or lack of potential for rehabilitation must be considered in determining whether a defendant is an appropriate candidate for alternative sentencing. Tenn. Code. Ann. § 40-35-103 (5). Again, the appellant underwent counseling for two years following his sexual abuse of his minor step-daughter. Only six months after completing his treatment, he began sexually abusing his biological daughter.

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
David G. Hayes, Judge

_____
Jerry L. Smith, Judge

8