IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2000 (At Jackson)

## DONNIE WHEELER, et al. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for DeKalb County
No. 7679-F**

---

**No. M1999-02453-CCA-R3-PC - Filed March 22, 2001**

---

David G. Hayes, J., concurring.

I join the court's opinion and agree with its holding in affirming dismissal of the petition; however, because I do so for different reasons, I write separately.

The record clearly establishes that the post-trial agreement entered into between both Petitioners and the State provided that the Petitioners agreed to waive all appealable errors that occurred at trial in exchange for a "near the minimum sentence" for class A felons. The Petitioners' agreement, like a plea agreement, is a valid contract with the State. See United States v. Escamilla, 975 F.2d 568, 571 (9th Cir. 1992). In exchange for an agreed minimal sentence, the Petitioners waived their right to appeal their murder convictions. A provision in a plea agreement waiving the defendant's right to pursue a direct appeal is a bargained for element of the agreement. See United States v. Gonzalez, 981 F.2d 1037 (9th Cir. 1992). This provision is enforceable as long as the waiver is knowing and voluntary. See State v. McKissack, 917 S.W.2d 714, 715 (Tenn. Crim. App. 1995) (*footnote omitted*); see, e.g., United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991).

Because the Petitioners have waived all rights to seek nullification of their final judgments of conviction, they are also precluded from seeking nullification by raising errors within the conviction process *via* collateral attack. To permit otherwise would simply allow a defendant to attach to each waived trial error a Sixth Amendment claim and render the bargained for agreement a nullity. As with the guilty plea, the voluntary nature of the Petitioners' post-trial agreement and the assistance of counsel provided Petitioners before entering into the agreement remain a legitimate

area of inquiry.[1] Effectiveness of counsel is relevant, however, only to the extent that it affects the voluntariness of the post-trial agreement waiving the Petitioners' rights to appeal. In this respect, such claims of ineffective assistance necessarily implicate the principle that a guilty plea, or, as in the instant case, a post-trial agreement, represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. See generally North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970).

In this case, the Petitioners do not allege that they did not knowingly and voluntarily enter into the post-trial agreement waiving their right to appeal. Because the grounds encompassed within this appeal were voluntarily waived, the Petitioners are precluded from bringing this appeal. Moreover, because no constitutional infringement is presented, I would affirm dismissal of the petition.

_____
DAVID G. HAYES, JUDGE

---

[1] Any review of a challenge to the voluntary nature of a post-trial agreement, similar to the instant agreement, would be conducted under the standard announced in Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366 (1985) as opposed to Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).