# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### STATE OF TENNESSEE v. LESLIE E. RAYMOND

**Appeal from the Criminal Court for Knox County**
**No. 77937     Mary Beth Leibowitz, Judge**

---

### No. E2003-02709-CCA-R3-CD - Filed August 6, 2004

---

The petitioner, Leslie E. Raymond, appeals the trial court's dismissal of his motion to correct an illegal sentence. The State has filed a motion requesting that this Court dismiss the appeal or, in the alternative, affirm the trial court's action pursuant to Rule 20, Rules of the Court of Criminal Appeals. The motion is without merit. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Leslie E. Raymond, Whiteville, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; Takisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The record reflects that in August 2003, the defendant waived his right to trial and was convicted pursuant to guilty pleas of felony theft, criminal impersonation, simple possession of marijuana, and three counts of violation of the bad check law. The trial court imposed an effective three year sentence of imprisonment. On September 18, 2003, the defendant filed a motion to correct an illegal sentence. The defendant asserted that upon his arrival in the custody of the Tennessee Department of Correction, he was advised that he was liable for payment of a tax for the criminal injuries compensation fund and litigation taxes assessed against him for each of his conviction offenses. The defendant argued that the assessment of these taxes rendered his conviction judgments illegal because he was found indigent in the proceedings below and he was never advised that any taxes would be assessed. The defendant further argued that the assessed taxes violate the equal protection clause of the United States Constitution because "no other county requires this of their sentenced felons." The defendant moved the court to waive the assessed "fees and costs" and

enter judgments amended accordingly. The trial court dismissed the defendant's motion. The instant appeal followed.

Initially, this court notes that the defendant has no appeal as of right from the dismissal of a motion to correct an illegal sentence. See Rule 3(b), T.R.A.P; State v. McKissack, 917 S.W.2d 714, 715-16 (Tenn. Crim. App. 1995); State v. Michael S. Stacy, No. E2003-01062-CCA-R3-CD (Tenn. Crim. App., Knoxville, Oct. 13, 2003). Moreover, if this court reached the merits of the appeal, we conclude that the petitioner's argument is without merit. Tennessee Code Annotated Section 40-24-107 levies a privilege tax which funds the criminal injuries compensation fund "[w]hen any person is convicted by a circuit court or a comparable court of record with jurisdiction over criminal matters of a crime of any nature after July 1, 1984 . . ." with certain exceptions not applicable here. In addition, various litigation taxes are levied on criminal charges in cases instituted in the city, county, and state courts pursuant to Tennessee Code Annotated Section 67-4-602. Section 67-4-603, in turn, provides for the collection by the clerks of the various courts of the taxes imposed pursuant to Section 67-4-602 "[u]pon a finding of guilt, plea of guilty, or submission to fine in a criminal action from the defendant . . . ." Tenn. Code Ann. § 67-4-603(a)(2). Moreover, when the clerk of the court certifies to the commissioner of correction that the prisoner has not paid the entire tax due, "the commissioner . . . shall then cause any amount owing to be collected from the inmate during the inmate's period of confinement." Tenn. Code Ann. § 67-4-603(b)(1).

Upon due consideration of the record, pleadings and applicable law, the court concludes that the trial court properly dismissed the petitioner's motion. Accordingly, the state's motion for summary affirmance is granted and the judgment of the court below is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE