IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. WILLIAM EDWARD BELLAMY

**Appeal from the Circuit Court for Sullivan County**
**No. S41,191, S41, 278 & S41, 485     R. Jerry Beck, Judge**

---

**No. E2004-00241-CCA-R3-CD Filed September 1, 2004**

---

The petitioner, William Edward Bellamy, appeals the trial court's denial of his motion to correct an illegal sentence.  The State has filed a motion requesting that this Court affirm the trial court's action pursuant to Rule 20, Rules of the Court of Criminal Appeals. The motion is without merit. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and NORMA MCGEE OGLE, J., joined.

William Edward Bellamy, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; H. Greeley Wells, District Attorney General; J. Eugene N. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The record reflects that the petitioner was convicted pursuant to guilty pleas of three counts of violating the Motor Vehicle Habitual Offenders Act by operating a motor vehicle in violation of an existing order prohibiting him from such operation; three counts of driving under the influence of an intoxicant, second offense; possession of a handgun while under the influence of an intoxicant; running a red light; and violation of the light law.  The trial court imposed an effective term of twelve years' imprisonment, including two, concurrent six-year sentences and a third, consecutive, six-year sentence for the convictions of driving in violation of the motor vehicle habitual offender order.  Judgment was entered in March 1999.  No direct appeal was apparently taken.

On December 30, 2003, the petitioner filed a "motion to vacate/correct illegal sentences." The petitioner asserted that the sentences imposed upon his convictions for driving in violation of the motor vehicle habitual offenders act are illegal because the statute under which he was convicted

is unconstitutionally void for vagueness. In particular, the petitioner asserted that Tennessee Code Annotated Section 55-10-616 fails to specify the punishment to be imposed for its violation. The trial court denied the motion, finding that "the Habitual Traffic Offender statutes are constitutional and legally correct." The instant appeal followed.

Initially, this court notes that the defendant generally has no appeal as of right from the dismissal of a motion to correct an illegal sentence. See Rule 3(b), T.R.A.P; Cox v. State, 53 S.W. 3d 287, 293 (Tenn. Crim. App. 2001); State v. McKissack, 917 S.W.2d 714, 715-16 (Tenn. Crim. App. 1995); State v. Michael S. Stacy, No. E2003-01062-CCA-R3-CD (Tenn. Crim. App. Oct. 13, 2003). Nonetheless considering the merits of the appeal, this court concludes that the motion was properly denied for lack of merit. Tennessee Code Annotated Section 55-10-616 provides that "[a]ny person found to be an habitual offender under the provisions of this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony." Tenn. Code Ann. § 55-10-616(b). Turning to the 1989 Criminal Sentencing Reform Act, Tennessee Code Annotated Section 40-35-112 provides that the Range III sentence for a Class E felony is "not less than four (4) nor more than six (6) years." Tenn. Code Ann. § 40-35-112(c)(5). Section 40-35-108(c) mandates that "[a] defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III." Tenn. Code An. § 40-35-108(c). In the present case, the judgments reflect that, consistent with the applicable sentencing statutes, the petitioner was sentenced as a career offender to a maximum Range III sentence of six years in prison for each conviction of driving in violation of a motor vehicle habitual offender order.

Upon due consideration of the record, pleadings and applicable law, this court concludes that the trial court properly denied the petitioner's motion. Accordingly, the state's motion for summary affirmance is granted and the judgment of the court below is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE