IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 8, 2005

### STATE OF TENNESSEE v. JOSEPH LARUE DAVIS

**Direct Appeal from the Circuit Court for Cocke County**
**No. 9279     Ben W. Hooper, II, Judge**

_____

**No. E2004-01265-CCA-R3-CD - Filed May 25, 2005**

_____

The appellant, Joseph Larue Davis, pled guilty in the Cocke County Circuit Court to aggravated burglary and theft of property over $1,000. Pursuant to the plea agreement, the appellant received concurrent four-year sentences with the manner of service to be determined by the trial court. After a sentencing hearing, the trial court ordered the appellant to serve his sentences in confinement. On appeal, the appellant claims the trial court improperly enhanced his sentences and erred by refusing to grant his request for alternative sentencing. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and J. C. MCLIN, JJ., joined.

Keith E. Haas, Newport, Tennessee, for the appellant, Joseph Larue Davis.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and James B. Dunn and Tracy L. Stone, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On April 20, 2004, the appellant pled guilty in the Cocke County Circuit Court to aggravated burglary, a Class C felony, and theft of property over $1,000, a Class D felony. At the guilty plea hearing, the state gave the following factual account of the crimes: On February 19, 2004, the appellant and another individual broke into a home in Parrottsville, Tennessee. They stole several guns and sold some of them.

No testimony was presented at the May 18, 2004, sentencing hearing, and the parties relied on the presentence report. According to the report, the then twenty-six-year-old appellant dropped out of high school after the eleventh grade but obtained his GED. The report shows that the appellant worked for Petosky Plastics from October 2001 to March 2002 and Accuforce Staffing Services from March 2003 to April 2003. Accuforce fired the appellant for poor job performance, and he has had no other employment. In the report, the appellant stated he had received treatment in November and December 2002 for abusing Oxycontin. He also stated that he had used marijuana, cocaine, and morphine regularly. He stated that the only reason he currently was not abusing drugs was because he was in jail. The report reveals that the appellant has committed many crimes since he was eighteen years old and has two convictions for possession of marijuana, two convictions for driving on a revoked license, and convictions for burglary, possession of cocaine, driving under the influence (DUI), disorderly conduct, reckless driving, and speeding. The report also shows that the appellant violated a probation sentence in 2002.

In denying his request for alternative sentencing, the trial court noted that the appellant had "a record that's not good," that he was addicted to illegal drugs, and that he had a poor work history. The trial court concluded that confinement in the Department of Correction (DOC) was needed to deter others addicted to drugs from committing burlgaries and to avoid depreciating the seriousness of the offenses. The trial court also concluded that confinement in the DOC was necessary in order for the appellant to obtain help for his drug problem.

## II. Analysis

Appellate review of the length, range, or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentences. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

### A. Length of Sentence

The appellant claims the trial court improperly enhanced his sentences in light of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), in which the United States Supreme Court held that other than prior convictions, any facts not reflected in the jury's verdict and used to increase a defendant's punishment above the presumptive sentence must be found by a jury. However, we conclude that the appellant waived his right to appeal the length of his sentences because, pursuant

to his plea agreement, he agreed to a four-year sentence for each conviction. See State v. McKissack, 917 S.W.2d 714, 715 (Tenn. Crim. App. 1995); State v. Clessie T. Jaco, No. 01C01-9802-CC-00091, 1998 Tenn. Crim. App. LEXIS, at *13-14 (Nashville, Dec. 21, 1998); Tenn. R. App. P. 3(b)(2); Tenn. R. Crim. P. 37(b)(2). In any event, the Tennessee Supreme court recently held that Tennessee's sentencing procedures do not violate a defendant's Sixth Amendment right to a jury trial as described in Blakely and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005). See State v. Edwin Gomez, ___ S.W.3d ___, No. M2002-01209-SC-R11-CD, 2005 Tenn. LEXIS 350 (Knoxville, Apr. 15, 2005), petitions to rehear filed (April 2005).

### B. Alternative Sentencing

Next, the appellant contends that the trial court erred by refusing to grant his request for alternative sentencing. The state claims that the trial court properly sentenced the appellant. We agree with the state.

We recognize that an appellant is eligible for alternative sentencing if the sentence actually imposed is eight years or less. See Tenn. Code Ann. § 40-35-303(a) (2003). Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). In the instant case, the appellant is a Range I, standard offender convicted of Class C and Class D felonies and sentenced to four years in confinement; therefore, he is presumed to be a favorable candidate for alternative sentencing. However, this presumption may be rebutted by "'evidence to the contrary.'" State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996) (quoting Tenn. Code Ann. § 40-35-102(6)). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Zeolia, 928 S.W.2d at 461.

In the instant case, the trial court denied the appellant's request for alternative sentencing based upon his prior criminal convictions and extensive drug use. The trial court also concluded that confinement was needed in order for the petitioner to receive rehabilitation for his drug addictions, to serve as a deterrence to others, and to avoid depreciating the seriousness of the offenses. We question whether the facts of this case warranted a finding that confinement was needed to avoid

depreciating the seriousness of the offenses.  See Zeolia, 928 S.W.2d at 462 (stating that in denying full probation to avoid depreciating the seriousness of the offense, the criminal act should be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree).  Nevertheless, given the petitioner's extensive prior criminal history and admitted addiction to drugs, for which he has sought rehabilitation only once, we conclude that the trial court properly denied his request for alternative sentencing.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.


_____
NORMA McGEE OGLE, JUDGE