IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2006

## STATE OF TENNESSEE v. MARK EDWARD ELLIS

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 05-01-0121   J. Weber McCraw, Judge**

---

**No. W2006-00241-CCA-R3-CD  - Filed September 5, 2006**

---

The defendant, Mark Edward Ellis, pled guilty to felony escape, a Class E felony.  In exchange for his guilty plea, the defendant was sentenced to one year as a standard offender, which was to run consecutive to his prior sentences.  On appeal, the defendant argues that the circuit court erred by denying his request for suspension of this sentence.  Following our review of the parties' briefs and applicable law, we affirm the circuit court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined, and GARY R. WADE, P.J., not participating.

David S. Stockton, Assistant Public Defender, Somerville, Tennessee, for the appellant, Mark Edward Ellis.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Elizabeth Rice, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On December 17, 2006, the defendant signed and executed a written plea agreement in which he agreed to enter a plea of guilty to felony escape in return for a recommended sentence of one year at thirty percent.  The factual basis underlying the guilty plea, as recited by the prosecutor at the defendant's guilty plea hearing, is as follows:

> [H]ad this matter gone to trial, the State would have introduced proof that on or about the 15th of July of 2005 the defendant herein, Mr. Ellis, was incarcerated in one of the correctional facilities here in Hardeman County, that he was transported to the doctor for medical care and that while he was in the custody of the correctional officers and at that doctor's office, he did escape from them through the false ceiling

in one of the rooms where he was receiving treatment, that he was later captured and returned to incarceration.

Following the plea colloquy, the trial court sentenced the defendant to one year consecutive to the defendant's other sentences he was currently serving. At this time, the defendant requested the court suspend the one year sentence; whereupon, the court summarily denied this request.

On appeal, the defendant argues that the trial court abused its discretion by failing to grant him a suspended sentence without consideration of his candidacy for such a sentence. In rebuttal, the state argues that the defendant entered into a plea agreement which provided for both the length and manner of service of his sentence. Therefore, the state submits that the defendant has no right to appeal, and this court must dismiss. The state relies on Tennessee Rules of Criminal Procedure 37(b)(2) and Tennessee Rules of Appellate Procedure 3(b)(2) as authority for its argument.

Upon review, we are persuaded by the state's argument. A criminal defendant who has entered a plea of guilty or nolo contendre only has the right to appeal: (1) a certified question of law dispositive of the action that was explicitly reserved at the time of the guilty plea, (2) *a sentence that was not the subject of a plea agreement*, or (3) an issue not waived as a matter of law by a plea of guilty or nolo contendre that is apparent from the record. *See* Tenn. R. App. P. 3(b)(2); Tenn. R. Crim. P. 37(b)(2). Furthermore, a defendant who enters a knowing and voluntary guilty plea waives all non-jurisdictional defects and constitutional infirmities. *See State v. McKinney*, 74 S.W.3d 291, 306 (Tenn. 2002); *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999).

In *State v. McKissack*, 917 S.W.2d 714 (Tenn. Crim. App. 1995), this court was presented with the issue of whether a defendant who pled guilty pursuant to a negotiated plea agreement had the right to appeal his sentence. After review, this court concluded that the defendant did not have a right to appeal his sentence because (1) he did not comply with Rule 37 of the Tennessee Rules of Criminal Procedure and Rule 3 of the Tennessee Rules of Appellate Procedure, and (2) he was sentenced pursuant to the terms of a plea agreement to which he voluntarily pled guilty. *See id.* at 715-16.

Similarly, in the instant case, the record reflects that the defendant signed and accepted the written plea agreement, which specifically recommended that the defendant be sentenced to one year to be served as a Range I offender.[1] Then, following the plea colloquy, the trial court accepted the defendant's guilty plea and ordered the defendant to serve the recommended sentence. Therefore, the sentence the defendant seeks to appeal was the subject of the negotiated plea agreement. Further, appeal of this sentencing issue does not fall within any other exception provided for in Tennessee Rules of Appellate Procedure 3(b)(2) and Tennessee Rules of Criminal Procedure 37(b)(2). Therefore, we conclude that the defendant has waived his right to appeal his sentence after entering a valid plea of guilty and being sentenced pursuant to the terms of a negotiated plea agreement. Accordingly, this appeal is dismissed.

---

[1] The plea agreement also noted that the range of punishment for felony escape was one to six years.

_____
J.C. McLIN, JUDGE