IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. CHRISTOPHER KIGER**

**Circuit Court for Rutherford County
No. F68995**

_____

**No. M2026-00500-CCA-R3-CD**

_____

**ORDER**

On or about March 18, 2026, the *pro se* Petitioner, Christopher Kiger, filed what is purported to be a notice of appeal to this Court. Because it is unclear what the Petitioner is attempting to appeal, the Court filed an order on April 9, 2026, directing the Petitioner to show cause why this appeal shall be allowed to proceed. The Petitioner was ordered to identify any recent trial court judgment and/or order he seeks to appeal and to attach a copy of that judgment and/or order to his response.

The Petitioner has responded. Therein, he advances challenges to the voluntariness of his guilty pleas and the effectiveness of his appointed counsel. In May 2013, the Petitioner pled guilty to several offenses and received an effective fourteen-year prison sentence. No appeal was taken. Any attempt to now appeal those judgments is untimely. As noted previously, in order to initiate an appeal as of right, notice of appeal must be filed within thirty days of the date of the judgments. Tenn. R. App. P. 4(a). Rule 4(a) further provides the notice of appeal document is not jurisdictional in criminal cases and the timely filing of such may be waived in the interest of justice. *Id.* Waiver is not automatic, however; this Court has the discretion to determine whether it shall be allowed. Tenn. R. App. P. 4(a). In making that determination, the Court considers the nature of the issues presented for review, the reasons for the delay in seeking relief, as well as other factors presented in the case. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

The interest of justice does not warrant waiver in this instance, however, because "[a]s a general rule, an accused who enters a plea of guilty to a criminal offense waives the right to appeal." *State v. McKissack*, 917 S.W.2d 714, 715 (Tenn. Crim. App. 1995). The Rules of Appellate Procedure and the Rules of Criminal Procedure provide for an appeal

from a guilty plea in very limited circumstances.  Tenn. R. App. P. 3(b)(2); Tenn. R. Crim. P. 37(b)(2).  An appeal lies from a guilty plea only if a certified question of law was explicitly reserved at the time of the plea, the sentence imposed was not the subject of the plea agreement, or an issue presented for review on appeal is not waived as a matter of law and the issue is apparent from the record.  *Id*.  It is apparent none of those circumstances exist in this case.

It does not appear the Petitioner pursued post-conviction relief.  Tenn. Code Ann. § 40-30-101 *et seq*.  Moreover, the Petitioner did not attach to his response any recent trial court order from which an appeal properly lies to this Court.  Tenn. R. App. P. 3(b).  This Court's jurisdiction is appellate only, and it can only review final orders or judgments of a trial court from which an appeal properly lies to this Court.  Tenn. Code Ann. § 16-5-108.

For these reasons, this appeal is hereby dismissed for lack of jurisdiction.  Costs are taxed to the Petitioner.  A copy of this order shall be forwarded to the Petitioner and the trial court clerk.


Wedemeyer, P.J., Holloway, J., Easter, J.