FILED

04/26/2024

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 19, 2023

## STATE OF TENNESSEE v. TRAVIS SCOTT GILLIAM

**Appeal from the Criminal Court for Hawkins County
Nos. 21-CR-11, 21-CR-12, 21-CR-13, 22-CR-36     Alex E. Pearson, Judge**

_____

### No. E2023-00533-CCA-R3-CD

_____

A Hawkins County jury convicted the Defendant, Travis Scott Gilliam, in three cases involving violations of the Sex Offender Registry, community supervision for life, and related offenses. In a fourth case, the Defendant pled guilty to the offense of aggravated assault and agreed to a six-year sentence running consecutively to the other cases. After a hearing, the trial court imposed partially consecutive sentences for a total effective sentence of fourteen years plus eleven months and twenty-nine days. In this appeal, the Defendant argues that the trial court erred in imposing consecutive sentences and that the judgments conflict with the trial court's oral announcement. Upon our review, we dismiss the appeal in Case No. 22-CR-36 because this sentence was entered pursuant to a valid plea agreement and was the subject of a valid waiver of appeal. Regarding the other cases, we respectfully affirm the trial court's judgments. We also remand these cases for entry of corrected judgments reflecting the alignment of the sentence as announced at the sentencing hearing.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part; Appeal Dismissed in Part; Cases Remanded

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and JILL BARTEE AYERS, JJ., joined.

Nicholas Spring Davenport, V, Morristown, Tennessee, for the appellant, Travis Scott Gilliam.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Dan E. Armstrong, District Attorney General; and Paul Hornick, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

# FACTUAL BACKGROUND

As relevant to this appeal, a Hawkins County jury convicted the Defendant in a consolidated trial of six offenses in three separate cases. These convictions involved one felony violation of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act (the "Sex Offender Registry"), one felony violation of community supervision for life, three misdemeanor violations of community supervision for life, and a misdemeanor conviction for the tampering or removal of a global positioning system (GPS) device. In a fourth case, the Defendant pled guilty to the offense of aggravated assault and agreed to a sentence of six years to run consecutively to the other cases.[1]

The trial court held a sentencing hearing on March 20, 2023. Before the hearing, the State filed a written notice seeking enhanced punishment and consecutive sentencing based on the Defendant's prior convictions. The Defendant filed a response to the State's notice that detailed the sentences he was then currently serving, including one count of aggravated sexual battery, one count of violating the sex offender registry, and one count of violating community supervision for life.

After the hearing, the trial court found that the Defendant was a Range II, multiple offender and determined that the sentence for each offense should be the maximum within-range sentence. As such, the court imposed a sentence of four years for each Class E felony conviction and a sentence of eleven months and twenty-nine days for each misdemeanor.

With respect to the alignment of the sentences, the trial court recognized that consecutive sentences were appropriate because the Defendant had an extensive criminal history, was a dangerous offender, and committed these offenses while he was subject to community supervision for life. From the court's oral announcement, the following sentences were aligned consecutively:

---

[1] Although not part of this appeal, a fifth case, No. 20-CR-95, was also tried at the same time as the first three. In this fifth case, the jury found the Defendant guilty of violating the Sex Offender Registry and community supervision for life. These two convictions were part of the March 20, 2023 sentencing hearing, and the trial court imposed a four-year sentence for each Class E felony offense.

The trial court aligned the sentences in this appeal consecutively to those in the fifth case. However, the Defendant did not appeal any issue with respect to the fifth case, and, as such, we do not address those sentences further. *See* Tenn. R. App. P . 13(b) ("Review generally will extend only to those issues presented for review.").

1. **Case 1** (No. 21-CR-12): Violation of the sex offender registry, Class E felony, four years;

2. **Case 2** (No. 21-CR-11): Tampering or removal of a GPS device, Class A misdemeanor, eleven months and twenty-nine days, consecutive to Case 1;

3. **Case 3** (No. 21-CR-13, Count 2): Violation of community supervision for life, Class E felony, four years, consecutive to Case 2; and

4. **Case 4** (No. 22-CR-36): Aggravated Assault, Class C felony, six years, consecutive to Case 3.

The three remaining misdemeanor sentences, which were jointly indicted with Case 3, were aligned concurrently with various convictions.

The total effective sentence imposed for these convictions was fourteen years plus an additional eleven months and twenty-nine days. The court ordered that the felony sentences be served at 35% release eligibility and that all misdemeanor sentences be served at 75% before the application of rehabilitative credits. The trial court entered the judgments of conviction on March 20, 2023, and the Defendant filed a timely notice of appeal twenty-four days later on April 13, 2023.

## STANDARD OF APPELLATE REVIEW

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). In this appeal, the Defendant challenges only the consecutive alignment of his sentences. When a defendant challenges the trial court's decision to impose consecutive sentences, we review that decision for an abuse of discretion accompanied by a presumption of reasonableness. *See State v. Pollard*, 432 S.W.3d 851, 860 (Tenn. 2013). Thus, we defer to "the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)[.]" *Id.* at 861.

## ANALYSIS

In this appeal, the Defendant principally challenges the consecutive alignment of his sentences. In relevant part, the Defendant argues that the trial court erred in finding

that his criminal history was extensive.[2]  He also asserts that the trial court's decision to order consecutive sentences pursuant to section 40-35-115(b)(2) was not supported by adequate factual findings.

In response, the State asserts that the Defendant has waived review of these issues by failing to provide this court with a complete record of the proceedings in the trial court. In particular, the State argues that the Defendant failed to provide a full copy of the presentence report, evidence from the trials in Cases 1-3, or the stipulated statement of facts from Case 4.  Alternatively, the State argues that the limited record provided otherwise fully supports the trial court's decision to order partially consecutive sentences. We agree with the State.

### A.      DISMISSAL OF APPEAL FROM SENTENCE IMPOSED PURSUANT TO A PLEA AGREEMENT

As an initial matter, the Defendant has appealed the six-year consecutive sentence imposed for his aggravated assault conviction in Case 4, No. 22-CR-36.  However, this sentence appears to have been imposed pursuant to the parties' plea agreement.  Although the Defendant did not include the written plea agreement from this case in the appellate record, the transcript from the plea hearing makes clear that the parties agreed that the sentence in Case 4 would run consecutively to the other cases.  The Defendant acknowledged his agreement to the consecutive alignment of this sentence, and the trial court referenced the plea agreement when ordering this case to be served consecutively to the others.

In addition, the Defendant filed a formal waiver of the right to appeal pursuant to Tennessee Rule of Criminal Procedure 37(d).  This waiver, which was signed by the Defendant and his counsel, reserved a right to appeal the sentences in the other cases, but expressly stated that "2022 CR 36 was by plea agreement, and I do not wish to appeal any issue therefrom."  The trial court reviewed this waiver with the Defendant in open court, and the Defendant raises no issue with the validity of that waiver here.

A defendant has no appeal as of right from a sentence imposed pursuant to a valid plea agreement.  Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b)(2)(B); *State v. McKissack*, 917 S.W.2d 714, 716 (Tenn. Crim. App. 1995) ("[T]he appellant does not have the right to appeal after entering a valid plea of guilty and being sentenced pursuant to the terms of a

---

[2]      The Defendant raises additional arguments with respect to other grounds articulated by the trial court for consecutive sentences.  However, because we conclude that the trial court acted within its discretion in imposing consecutive sentences based on the Defendant's extensive criminal history, we do not address these alternative grounds further.

plea bargain agreement."); *State v. Ellis*, No. W2006-00241-CCA-R3-CD, 2006 WL 2567480, at *2 (Tenn. Crim. App. Sept. 5, 2006) ("[T]he sentence the defendant seeks to appeal was the subject of the negotiated plea agreement. . . . Therefore, we conclude that the defendant has waived his right to appeal his sentence after entering a valid plea of guilty and being sentenced pursuant to the terms of a negotiated plea agreement. Accordingly, this appeal is dismissed."), *no perm. app. filed*. In addition, a defendant may choose to waive the right to an appeal by complying with the procedures in Tennessee Rule of Criminal Procedure 37(d). *See Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004).

In this case, because the Defendant agreed to the sentence in Case 4, including that it be aligned consecutively to his other cases, he has no appeal as of right with respect to that sentence. In addition, the Defendant's valid waiver of the right to appeal this sentence further precludes our consideration of it. Accordingly, we respectfully dismiss the Defendant's appeal as it relates to the six-year consecutive sentence in Case No. 22-CR-36.

## B.    CONSECUTIVE SENTENCES

The process of imposing discretionary consecutive sentences pursuant to Tennessee Code Annotated section 40-35-115(b) involves two steps. First, the trial court must find by a preponderance of the evidence that "the defendant qualifies for consecutive sentencing under one of the classifications" set forth in the statute. *State v. Perry*, 656 S.W.3d 116, 127 (Tenn. 2022) (footnote omitted). Second, the trial court must "then choose whether, and to what degree, to impose consecutive sentencing based on the facts and circumstances of the case, bearing in mind the purposes and principles of sentencing." *Id.*

In this case, the trial court began its sentencing announcement by explaining the purposes and principles of sentencing upon which it relied. The court found that the Defendant was a Range II, multiple offender, outlining the enhancement and mitigating factors it considered. It also carefully identified why a sentence of incarceration was appropriate to avoid unduly depreciating the seriousness of the Defendant's various crimes and how this consideration outweighed other factors in favor of an alternative sentence.

With respect to consecutive sentences, the trial court concluded that the Defendant had an extensive criminal record, was a dangerous offender, and committed the offenses while being subject to community supervision for life. *See* Tenn. Code Ann. § 40-35-115(b)(2), (4), (6). With respect to the Defendant's criminal record in particular, the trial court explained the nature of the felony offenses currently before the court, the "defendant's long history and frequent violations of the law," and his "simple unwillingness to comply" with the law. The court also referenced a recorded jail call from

the Defendant in which the Defendant apparently stated that he would abscond from the state to avoid community supervision for life.

The Defendant argues in part that the record does not support the trial court's decision to impose consecutive sentences because his criminal history is not extensive. We respectfully disagree. With respect to the extensive criminal history category for consecutive sentences in section 40-35-115(b)(2), the supreme court has recognized that "courts should look to those facts from which they can determine that the defendant's record of criminal activity is considerable or large in amount, time, space, or scope." *Perry*, 656 S.W.3d at 128. The supreme court has also suggested that courts consider the following list of non-exclusive factors in evaluating a defendant's prior criminal conduct:

(1)     The amount of criminal activity, often the number of convictions, both currently before the trial court for sentencing and prior convictions or activity;

(2)     The time span over which the criminal activity occurred;

(3)     The frequency of criminal activity within that time span;

(4)     The geographic span over which the criminal activity occurred;

(5)     Multiplicity of victims of the criminal activity; and

(6)     Any other fact about the defendant or circumstance surrounding the criminal activity or convictions, present or prior, that informs the determination of whether an offender's record of criminal activity was considerable or large in amount, time, space, or scope.

*Id.* at 129 (footnotes omitted).

The Defendant failed to include a full copy of the presentence report in the appellate record, although the record indicates that it was received and considered by the trial court. "When a party seeks appellate review[,] there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993); Tenn. R. App. P. 24. To this end, an appellant's failure to include the presentence report in the record generally "prevents this court from reviewing sentencing issues." *State v. Cannady*, No. W2016-00494-CCA-R3-CD, 2017 WL 192691, at *3 (Tenn. Crim. App. Jan. 17, 2017) (citation omitted), *no perm. app. filed*. Moreover, "in the absence of a record adequate for

review, this court must presume that the trial judge ruled correctly." *State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993) (citation omitted).

However, the appellate record does contain a three-page report compiled by the Department of Correction entitled "Probation and Parole Pre-Sentence Report Hawkins County." This report, which details the Defendant's criminal history, was admitted into evidence at the sentencing hearing without objection by the Defendant and was considered by the trial court in sentencing. In addition, the appellate record contains a separate filing that includes information and judgments from at least some of the Defendant's prior convictions.

Based on the information that *is* contained in the record, we observe that the Defendant was convicted of five felony offenses and four misdemeanors in the cases before the trial court in this sentencing hearing. The sentencing hearing exhibits reveal an additional criminal record going back nearly twenty years to 2005 and that the Defendant had been convicted of at least four felony offenses and twelve misdemeanor offenses in both state and federal courts during that time. The Defendant's criminal history includes offenses occurring on at least eleven separate occasions within the last decade, and it includes convictions for assault, domestic assault, vandalism, drug possession, criminal impersonation, as well as violations of community supervision for life and the Sex Offender Registry. He has also been ordered to serve sentences in both state and federal prisons.

"Only one factor is necessary for consecutive sentencing." *State v. Dickson*, 413 S.W.3d 735, 748 (Tenn. 2013). The trial court's finding that the Defendant had an extensive history of criminal activity is supported by the record prepared by the Defendant on appeal, and, as such, it is alone sufficient to support the order of consecutive sentences. *See, e.g.*, *State v. Robinson*, No. W2020-00246-CCA-R3-CD, 2021 WL 2982928, at *12 (Tenn. Crim. App. July 15, 2021) (affirming consecutive sentences under extensive criminal history category despite lack of findings for dangerous offender category), *no perm. app. filed*; *State v. Allen*, No. W2019-01038-CCA-R3-CD, 2019 WL 7209884, at *5 (Tenn. Crim. App. Dec. 27, 2019) (same), *no perm. app. filed*; *State v. Gray*, No. W2017-01897-CCA-R3-CD, 2018 WL 4382093, at *7 (Tenn. Crim. App. Sept. 14, 2018) (same), *no perm. app. filed*. Accordingly, we conclude that the trial court acted within its discretion to impose partially consecutive sentences. The Defendant is not entitled to relief on this ground.

## C.    CORRECTION OF JUDGMENTS

The Defendant also asserts that the judgments of conviction do not accurately record the consecutive alignment of the sentences as announced by the trial court at the sentencing hearing. As our supreme court has reaffirmed, "[w]hen there is a conflict between the judgment and the transcript of the trial court's statements, the transcript controls." *See State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citations omitted). This Court has also recognized that a discrepancy between the judgment and the oral announcement at a sentencing hearing should be resolved in favor of the oral announcement. *See State v. Person-Gibson*, No. W2021-01094-CCA-R3-CD, 2022 WL 4299570, at \*5 (Tenn. Crim. App. Sept. 19, 2022), *no perm. app. filed*; *State v. Horton*, No. W2019-00948-CCA-R3-CD, 2021 WL 2556646, at \*12 (Tenn. Crim. App. June 22, 2021), *no perm. app. filed*.

Although the Defendant offers no substantive argument about how the judgments of conviction vary from the trial court's oral announcement, our review of the judgments reveals some inadvertent inconsistencies. For example, the trial court announced at the sentencing hearing that the sentences were aligned in the way described earlier in this opinion. However, this alignment is not reflected in the respective judgments and is stated differently in the boxes for "consecutive sentences" and "special conditions."

Importantly, we understand how these inadvertent clerical errors can arise in sentencing several cases at the same hearing. Nevertheless, we respectfully remand this case to the trial court for entry of corrected judgments to reflect the alignment of the sentences as announced at the sentencing hearing.

## CONCLUSION

In summary, we dismiss the appeal in Case No. 22-CR-36 because this six-year sentence was imposed pursuant to a valid plea agreement and was also the subject of a valid waiver of appeal. With respect to the other cases, we hold that the trial court acted within its discretion in ordering partially consecutive sentences, and we respectfully affirm its decision in those cases. Finally, we remand this case to the trial court for correction of clerical errors in the judgments to reflect the alignment of the sentences as announced at the sentencing hearing.

_____
TOM GREENHOLTZ, JUDGE